367 So.2d 844 (1979)
STATE of Louisiana
v.
James H. COMPTON.
No. 62795.
Supreme Court of Louisiana.
January 29, 1979.
Rehearing Denied March 5, 1979.
*845 P. J. Laborde, Jr., Marksville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Eddie Knoll, Dist. Atty., Jeanette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.[*]
James H. Compton was charged in the same information with four counts of carnal knowledge of a juvenile in violation of La.R.S. 14:80. He was also charged by an indictment of the grand jury with the crime of aggravated rape (La.R.S. 14:42). Defendant pled not guilty to both indictments *846 at arraignment. Subsequently, he withdrew his pleas of not guilty and entered pleas of guilty to the four counts of carnal knowledge of a juvenile. He also withdrew his plea of not guilty to the charge of aggravated rape and entered a plea of guilty to the reduced charge of carnal knowledge of a juvenile. The guilty pleas were entered pursuant to a plea bargain. The trial judge accepted the pleas of guilty after determining that they were made voluntarily with understanding of the nature of the charges.
Subsequently, at a consolidated sentencing hearing, defendant filed a motion to withdraw the pleas of guilty to the charges. After a hearing, the trial judge denied the motion and sentenced defendant to serve three years at hard labor on each of the four counts of carnal knowledge of a juvenile and six years at hard labor on the charge of aggravated rape reduced to carnal knowledge of a juvenile. The trial judge expressly directed that the sentences be served concurrently. Sentences imposed were in accordance with the plea bargain stated at the time the guilty pleas were entered. On appeal, defendant relies on four assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to withdraw his pleas of guilty. He argues that he is innocent of the charges and that he pled guilty solely because he feared spending the remainder of his life in prison. He further argues that his motion should have been granted because one of his alleged victims recanted her testimony at the preliminary examination that he had engaged in sexual activities with her.
The record reflects that, prior to accepting defendant's pleas of guilty, the trial judge questioned defendant extensively to determine whether the pleas were voluntarily and intelligently made. He informed defendant of the various rights he would forego by pleading guilty and ascertained that defendant fully understood the nature of the sentences negotiated pursuant to his plea bargain. Subsequently, defendant filed a motion to withdraw his guilty pleas at the consolidated sentencing hearing. At the hearing, defendant testified that he was innocent of the charges against him and that he had pled guilty against his better judgment on the advice of his then court-appointed attorneys. He further stated that, when he was told by these attorneys that he could not withdraw his guilty pleas, he retained new counsel for this purpose.[1] Mr. Harold J. Brouillette, one of defendant's original court-appointed attorneys, testified that he consulted with defendant several hours over a period of three weeks before defendant decided to enter guilty pleas pursuant to a plea bargain. He further stated that defendant entered the guilty pleas with a full understanding of the consequences despite the fact that he maintained his innocence and expressed reservations both before and after the pleas were entered. The testimony of Mr. Michael Kelly, defendant's other court-appointed attorney at the time the guilty pleas were entered, was essentially the same as that of Mr. Brouillette. In addition, he stated that several days after defendant pled guilty, he received a telephone call from defendant advising him that he wanted to withdraw his guilty pleas because he felt he had made a mistake and also because he had new evidence, the substance of which he declined to divulge. Mr. Kelly further testified that he made an appointment with defendant to discuss the matter but defendant failed to show up for the conference. As a result, he wrote defendant a letter stating that he presumed defendant no longer was interested in withdrawing his guilty pleas and that he would proceed with the matter accordingly.
*847 La.Code Crim.P. art 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentence. Discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily and abuse of discretion can be corrected upon appeal. State v. Andrasi, 343 So.2d 175 (La.1977); State v. Baudoin, 334 So.2d 186 (La.1976); State v. Ballard, 282 So.2d 448 (La.1973). Moreover, an otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged. Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); Brady v. U. S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
In the instant case, the trial judge extensively interrogated defendant prior to accepting his pleas of guilty. He informed defendant of the various rights he would forego by pleading guilty to the charges and ascertained that defendant fully understood the nature of the sentences negotiated pursuant to his plea bargain. Defendant had ample assistance of counsel in making his decision to plead guilty to the charges. Based upon the record before us, we find that the guilty pleas are valid in that they were both voluntary and intelligent. Nor do we find that the otherwise valid guilty pleas were rendered involuntary merely because they were entered to limit the possible maximum penalty to less than that authorized by law. Hence, the trial judge did not abuse his discretion in refusing to permit defendant to withdraw his guilty pleas grounded on his argument that he pled guilty solely because he feared spending the remainder of his life in prison.
Defendant's second argument that his motion should have been granted because one of the alleged victims recanted her testimony at the preliminary examination relates only to the guilty plea to the charge of carnal knowledge of that victim. In view of our discussion under Assignments of Error Nos. 2, 3 and 4, consideration of this argument is unnecessary. Moreover, this argument has no merit relative to the guilty pleas entered to the other charges involving different victims.

ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4
Defendant contends the trial judge erred at the hearing on his motion to withdraw the guilty pleas by instructing defendant to avoid questioning X, one of the alleged victims, about testimony she gave at the preliminary examination held in connection with the charges of carnal knowledge of a juvenile and aggravated rape. He argues that this limiting instruction violated his constitutional rights to compel witnesses on his behalf, to present a valid defense and to obtain effective assistance of counsel (Assignment of Error No. 2).
At the preliminary examination, four girls under the age of seventeen, including X, testified that defendant had engaged in sexual activities with them. Subsequently, in his motion to withdraw his pleas of guilty, defendant stated, inter alia, that X had visited the office of defendant's attorney, Mr. Laborde, and volunteered the information that she had lied at the preliminary examination. At the hearing on the motion to withdraw the pleas of guilty, defendant called X to the stand. He established that she had come to his office two days before to discuss the testimony she had given concerning defendant at the preliminary examination. Before she could answer, the trial judge interrupted and called a recess during which he conferred with X and her parents. At this consultation, the trial judge carefully warned them of the possible consequences of X's testifying that she had lied at the preliminary examination. He told them that this would subject X to possible legal action for perjury. He then asked X's parents to confer with their daughter and to decide whether, considering his warnings, they approved of her giving incriminating testimony. After they had conferred privately, the judge reiterated his warnings and informed them that X was not required to testify and that he would provide them with an attorney if *848 they so desired. X's father initially stated: "I'll tell you the way I feel about it. It's up to her. If she feels like she should testify, it's allright with me." However, after further interrogation by the judge, both parents agreed that they did not approve of their daughter testifying that she lied. The hearing on the motion to withdraw the guilty pleas was resumed and the trial judge instructed defense counsel to avoid reference to any testimony given by X at the preliminary examination. He stated specifically that, in order to protect the rights of X, a juvenile, he would not allow defendant to question her about the truth or falsity of that testimony. Defendant objected to these instructions. He then asked X again whether she had visited his office two days before, to which she replied in the affirmative. When asked why she had come to his office, X replied that she had done so in order "to tell that he [defendant] didn't do me nothing." She further testified that defendant had neither touched her nor played with her body. At this point, the trial judge intervened, stating: "Wait, I'll stop the examination there because we have some evidence to the contrary. I have to protect her." At the conclusion of the hearing, the trial judge denied defendant's motion to withdraw his guilty pleas.
Based upon the record before us, we do not find that X asserted her privilege against compulsory self-incrimination (U.S. Const. Amend. V; La.Const. art. 1, § 16) after having been fully advised of her right to do so and the possible consequences if she did not by the trial judge in the presence of her parents. To the contrary, our impression is that she wanted to testify that she lied at the preliminary examination. Therefore, the trial judge's instructions which prevented defendant from questioning the witness relative to the truth or falsity of her testimony at the preliminary examination precluded defendant from presenting evidence relevant to a material issue, I. e., the credibility of the witness. It was necessary that this issue be resolved by the trial judge in the process of exercising his discretion as to whether he should permit defendant to withdraw his guilty plea. Hence, we consider that the trial judge's instructions limiting the examination of this witness had the effect of violating defendant's constitutional rights to present witnesses in his defense, to have effective assistance of counsel, and to due process of law. U.S.Const. Amends. VI and XIV; La. Const. arts. 1, §§ 2,13 and 16. Accordingly, we must set aside his denial of defendant's motion to withdraw his guilty plea to the charge of carnal knowledge of juvenile X and remand the case for a new hearing.
The remaining assignments of error are directed toward allegedly improper rulings of the trial judge at the hearing on the motion to withdraw the guilty plea to the charge of carnal knowledge of juvenile X. In view of our remand for a new hearing, consideration of these assigned errors is unnecessary.

DECREE
For the reasons assigned, the trial judge's denial of defendant's motion to withdraw his guilty plea to the charge of carnal knowledge of juvenile X is set aside and the case is remanded for a new hearing, reserving to defendant the right to appeal any adverse ruling; defendant's convictions and sentences for the other offenses are affirmed.
SUMMERS, C. J., dissents.
PER CURIAM.
The application for rehearing is denied.
The defendant has filed affidavits in this court on application for rehearing which indicate the other two complaining witnesses now wish to recant.
Our decree in the original opinion should not be limited to a hearing (on the motion to withdraw the plea of guilty) as to only one complaining witness.
BLANCHE, J., not participating.
NOTES
[*] Chief Judge William A. Culpepper participated in this decision as Associate Justice Ad Hoc sitting in the place of Chief Justice Sanders, retired.
[1] Originally, defendant was represented by two court-appointed attorneys (Harold J. Brouillette and Michael F. Kelly). At the consolidated sentencing hearing, defendant was represented by retained counsel (P. J. Laborde, Jr.). Accordingly, the prior court-appointed attorneys were discharged from further duties in the matter and new counsel was entered of record.