388 So.2d 384 (1980)
STATE of Louisiana
v.
Manfred M. DELGADO.
No. 67253.
Supreme Court of Louisiana.
September 10, 1980.
*385 Winston W. Purvis, and Ralph S. Whalen, Jr., Oestreicher, Whalen & Rothschild, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
PER CURIAM.
We granted certiorari to review defendant's claim that the trial court abused its discretion in denying his motion to withdraw a plea of guilty before sentence, La.C.Cr.P. Art. 559, and that, under the circumstances, his plea was not knowingly and intelligently made, or voluntary. On the record before us, we agree with defendant, vacate his sentence, and remand the case for further proceedings.
Defendant was charged by bill of information with possession of marijuana in violation of La.R.S. 40:967(D). On November 9, 1979, he tendered a plea of guilty as charged under the provisions of La.R.S. 40:983. That statute authorizes the trial court, "... without entering a judgment of guilt ... [to] defer further proceedings and place [the defendant] on probation upon such reasonable terms and conditions as may be required." The trial court accepted the tender of the plea "... contingent on the return of the presentence investigation." "If there's any previous convictions," the judge informed defendant, "the Court will not accept it."
On January 20, 1980, the day of sentencing, counsel learned that the presentence report recommended against probation, although defendant apparently had no record of prior convictions.[*] Counsel therefore moved the court to set aside defendant's plea. The trial court turned the motion aside, and imposed the maximum penalty under La.R.S. 40:967 for a first offense, a sentence of six months imprisonment, and a fine of five hundred ($500.00) dollars.[**]
La.C.Cr.P. Art. 559 provides that "[t]he Court may permit a plea of guilty to be withdrawn at any time before sentence." Discretion to permit the withdrawal of a guilty plea is vested in the trial judge. State v. Compton, 367 So.2d 844 (La.1980). That discretion, however, is not unfettered, and its exercise in an arbitrary manner may be corrected by this Court. State v. Compton, supra; State v. Baudoin, 334 So.2d 186 (La.1976). We have held that a "[d]efendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated." State v. Deakle, 372 So.2d 1221, 1222 (La.1979). We have also cautioned, however, that "[d]ue process will not allow a judge to cancel a plea agreement without a contradictory hearing or permit him to impose a heavier sentence than bargained for without permitting withdrawal of the guilty plea." State v. Chalaise, 375 So.2d 107 (La.1979).
In this case, defendant entered his plea of guilty in contemplation that he would receive the special sentencing benefits of La.R.S. 40:983. The trial court gave him express assurances in that regard, conditioned only upon the return of a presentence report indicating a record free of past convictions. The court outlined the alternative in the event that the report came back unfavorably: that the tender of the guilty plea, i. e. the entire plea arrangement under La.R.S. 40:983, would be cancelled.
The presentence report may have given the trial court a basis for changing its mind apart from the question of defendant's prior record. We think it clear, however, that defendant was entitled to rely on the trial court's initial assurance that his past record would control the outcome in the case when *386 he entered his plea. He was also entitled to rely on the trial court's representation that it would not accept the plea in the event of an unfavorable presentence report. By not giving defendant the opportunity to withdraw his plea under these circumstances, the trial court nullified the necessary affirmative showing that the plea was knowingly made, and voluntary. State v. Chalaise, supra.
Accordingly, we vacate the sentence in this case and remand to the trial court. The trial court is to determine, after a contradictory hearing, whether to fulfill its initial sentencing commitment, or allow defendant to withdraw his plea of guilty. In the event the trial court adopts the latter course, defendant may, in addition to withdrawing his plea of guilty, elect trial of the case before a different judge. State v. Chalaise, supra.
SENTENCE VACATED AND CASE REMANDED.
NOTES
[*] The presentence report was not made a part of this record. It is therefore unclear why defendant was not recommended for probation. The state concedes in brief, however, that defendant has no history of previous convictions.
[**] Defendant also challenges his sentence as excessiveness. We do not reach that question in view of our disposition here.