JOHN S. COVINGTON, Judge.
Eddie Earl Wright was billed with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2. He pled not guilty. After trial by a twelve member jury panel he was unanimously convicted as charged. The trial judge subsequently sentenced him to serve a term of eight years at hard labor, two years of which was ordered served without benefit of probation, parole or suspension of sentence.
Defendant appeals urging three assignments of error:
1. The trial court erred in denying the defense motion for a mistrial when a state witness attempted to identify defendant’s fingerprints from a Texas fingerprint card obtained as a result of another crime and arrest.
2. The jury’s verdict is contrary to the law and the evidence.
3. Defendant’s sentence is excessive.
FACTS
Dottie Webb left her home at Lake Rose-mound, Louisiana, near 8:15 a.m. on November 26, 1984, to go to work. She returned about 5:00 p.m., that day. Upon entering her home she immediately detected food odors, noticed that someone had cooked and eaten in her kitchen and her bedroom had been ransacked. Mrs. Webb, who lives alone, summoned the sheriff and reported that a television set and an an *935 tique crocheted bedspread were missing from the home.
Deputy Sheriff Joe Pittman went to the Webb residence in response to the burglary call. He dusted for fingerprints at the point of entry, a broken window at the rear of the house. Pittman discovered and lifted, by the tape method, three sets of fingerprints on the broken window pane.
Jerry Lynn Peck testified at trial that he in the company of the defendant had escaped from jail in Texas. They drove to West Feliciana Parish in a stolen car and chose the Webb house to break into because of its secluded location. Defendant used a B-B gun to break a window, crawled through and opened the door for Peck. It was approximately 8:00 a.m. when they entered the house, and they remained there about three to three and one-half hours. During this time, they cooked food and ate, watched television, and took a bath. Just before leaving, they took a bedspread, the television set and some silverware. Peck, along with defendant, was arrested in Ohio and subsequently was convicted of this crime.
At trial, defendant was fingerprinted. A latent print examiner of the Louisiana State Police, Sybil Guidry, then compared defendant’s palm prints with the latent prints which had been removed from the broken window pane. She testified that the latent prints matched the palm prints taken from defendant. Guidry further testified that it takes 8 or 9 common points to provide a positive identification. The three latent prints involved in this case shared 21, 13, and 20 points in common with defendant’s prints taken at trial.
Defendant took the witness stand in his own behalf. He disagreed with Peck’s testimony and denied burglarizing Dottie Webb’s home. He testified that he met Peck in a Texas jail, where they escaped together. They split up; then Peck met defendant in Ohio. Defendant stated that following escape he went to his home in Dallas, Texas and several days later took a bus to Ohio. Defendant did not know how Peck got to Ohio other than that he arrived in a blue car by himself. Defendant testified that he had never been in West Felicia-na Parish before and that it was a mystery to him how his fingerprints were taken from the scene of the crime.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant complains that the trial court erred by failing to grant a mistrial when Thomas Chin, the state’s fingerprint expert, made a reference to another crime committed by defendant.
First, we note that Thomas Chin did not testify at trial. Ivy Cutrer, an investigator for the West Feliciana Parish Sheriff’s Office, testified that he received the fingerprints lifted from the crime scene from Deputy Pittman. Cutrer then took the prints and turned them over to Thomas Chin at the State Police Crime Lab. Cut-rer, reading from a piece of paper with fingerprints on it, testified that he also turned over a set of defendant’s fingerprints secured from Marion County, Jefferson, Texas. Thereafter, defense counsel promptly requested that the jury be removed from the courtroom and moved for a mistrial, arguing that the reference by Cut-rer indicated that defendant had been involved in another crime.[1] The trial court denied the motion and suppressed the use of the Texas fingerprint card. The court stated that an admonishment to the jury would merely call their attention to the fingerprints, which had only been identified as having come from Texas. The court noted that the witness did not specify what agency they came from in the state of Texas.
La.C.Cr.P. art. 770 mandates a mistrial upon motion of defendant when a re *936 mark or comment made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to another crime committed or alleged to have been committed by defendant as to which evidence is not admissible. A police officer, however, is not a court official within the meaning of La.C.Cr.P. art. 770; and, therefore, a mistrial is not mandatory even though a policeman, in the course of testifying, refers to another crime. State v. Harper, 430 So.2d 627 (La.1983); State v. Nathan, 444 So.2d 231 (La.App. 1st Cir. 1983), writ denied, 445 So.2d 1232 (La. 1984).
Mistrial is a drastic remedy and, except in instances in which mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. State v. Gibson, 459 So.2d 1294 (La.App. 1st Cir.1984). We note that defense counsel did not request an admonishment and stated to the court that an admonishment would not be sufficient under the circumstances.
Even if reference to prior criminal acts could be inferred in these circumstances, this technical impropriety did not result in the denial of a fair trial or warrant a mistrial, especially in view of the fact that defendant admitted under cross examination that he pled guilty to charges of attempted auto theft in 1984 in Texas. We find the trial court did not abuse its discretion in refusing to order a mistrial.
For the foregoing reasons, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
By his second assignment of error, defendant claims that the jury’s verdict is contrary to the law and the evidence. Defendant argues specifically that his testimony at trial that he did not commit the crime was sufficient to establish reasonable doubt in the minds of the jurors.
We note initially that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1101 (La.App. 1st Cir.1983). However, this Court will review sufficiency of the evidence when raised by formal assignment of error. State v. Washington, 421 So.2d 887 (La.1982).
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). The standard has been codified in Louisiana Code of Criminal Procedure Article 821.
The Jackson standard of Article 821 is an objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the finder of fact must be satisfied the overall evidence “excludes every reasonable hypothesis of innocence.” La.R.S. 15:438 does not establish a stricter standard of review than the Jackson standard but “provides a helpful methodology for its implementation in cases which hinge on the evalution of circumstantial evidence.” State v. Chism, 436 So.2d 464, 470 (La.1983); State v. Rounds, 476 So.2d 965, 968 (La.App. 1st Cir.1985).
The elements of the offense of simple burglary of an inhabited dwelling are set forth in La.R.S. 14:62.2 as follows:
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein....
The record reveals that someone broke a window and entered the home of Dottie Webb, without her permission. Mrs. Webb reported that a television set and an antique crocheted bedspread were missing. Jerry Lynn Peck testified that defendant *937 broke Mrs. Webb’s window with a B-B gun, crawled through and opened the door. While inside, the two men cooked and ate Mrs. Webb’s food, watched television, and took a bath. Before leaving, they took the television, and a bedspread.
Deputy Sheriff Pittman lifted three sets of latent fingerprints from the broken window, which were subsequently identified as belonging to defendant. Defendant testified that he had never been in West Felicia-na Parish and did not know how his fingerprints were taken from the scene of the crime. He denied committing the instant offense.
Where there is conflicting testimony about factual matters, the resolution of which depends on the determination of the credibility of witnesses, the matter is one of the weight of the evidence, not its sufficiency. The determination of what weight to give the evidence rests solely within the discretion of the trier of fact. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Campbell, 461 So.2d 644 (La.App. 1st Cir.1984), writ denied, 466 So.2d 1299 (La.1985). It is not the function of an appellate court to assess credibility or reweigh the evidence. State v. Bosiere, 488 So.2d 965 (La.1986).
The jury’s unanimous verdict speaks loudly and clearly that they did not accept defendant’s hypothesis of innocence as being a reasonable one. Our evaluation of the totality of evidence presented convinces us that a rational juror, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of a simple burglary of an inhabited dwelling beyond a reasonable doubt.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
In assignment of error number three, defendant contends his sentence is excessive. He argues that he maintained his innocence throughout the whole of the proceedings and that this factor should be given great weight in sentencing.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sep-ulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266 (La.1982). A trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Láñelos, 419 So.2d 475 (La.1982).
Defendant was found guilty of simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2, which carries a penalty of imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. Herein, defendant received a prison term of eight years at hard labor. The trial court further specified that two years of the prison term shall be without benefit of parole, probation or suspension of sentence.
The transcript of the sentencing hearing reveals that the trial court specifically considered each mitigating and aggravating factor as set forth in La.C.Cr.P. art. 894.1. The court further took into account the pre-sentence investigation report. In imposing sentence, the trial court noted the fact that defendant was a fugitive from Texas at the time of commission of this offense; defendant showed no remorse or sensitivity regarding harm done to others; and defendant has a history of criminal activity.
We cannot say that the sentence of eight years at hard labor is excessive under the circumstances.
PATENT ERROR
However, we find a patent error in the sentence. The trial court specified that *938 two years of the sentence imposed was to be served without benefit of parole, probation or suspension of sentence.
The maximum sentence for simple burglary of an inhabited dwelling is twelve years at hard labor. At least one year must be served without the benefit of parole, probation or suspension of sentence. La.R.S. 14:62.2. The Louisiana Supreme Court, in State v. Boowell, 406 So.2d 213 (La.1981), expressly determined that the ineligibility portion of this statute applied only to the minimum one year term. The sentence as it stands is illegal in that it applies the ineligibility provision to two years of the sentence. The error requires correction. See La.C.Cr.P. art. 882. Since we do not know whether the trial court would have imposed the same length sentence absent the ineligibility requirements, we must remand for re-sentencing in accordance with this opinion.
CONVICTION AFFIRMED, SENTENCE SET ASIDE AND REMANDED FOR RE-IMPOSITION OF SENTENCE.

. For the first time, in brief, defendant argues that the state failed to give the required Prieur notice of its intent to offer other crimes evidence at trial. Defense counsel did not articulate this argument when he moved for a mistrial.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence and the grounds therefore specified. See La.C.Cr.P. art. 841. This Court will not consider an objection raised for the first time on appeal for the reason that any such objection should first be made in the trial court in order that the court be presented with the opportunity to correct any such error. See State v. Skipper, 387 So.2d 592 (La.1980).