DOUCET, Judge.
On May 8, 1987, defendant, Elton L. Cary, pleaded guilty to one count of carnal knowledge of a juvenile, a violation of La. R.S. 14:80. In exchange for defendant’s guilty plea two charges of aggravated crime against nature and two charges of molestation of a juvenile were dismissed. On November 25, 1987, the defendant was sentenced to serve seven years at hard labor. Prior to being sentenced the defendant moved to withdraw his guilty plea. The trial court denied this motion and that denial is the basis for this appeal.
FACTS
In the early months of 1987, defendant’s 16 year old step-daughter made allegations of sexual misconduct against him. Defendant was arrested and made statements admitting to “having sexual contact” with his step-daughter. He specifically admitted having had intercourse with her and engaging in mutual oral copulation with her. Defendant asserted at a hearing on a motion to suppress and at the hearing on the motion to withdraw his guilty plea that his statement was coerced and was untrue.
At the guilty plea, the trial court informed defendant of his constitutional rights being waived by the plea. Defendant entered the guilty plea upon advice of court appointed counsel who apparently informed him that his step-daughter would testify against him. Although defendant admitted the factual allegations of the charge at the guilty plea hearing, he professed innocence during the hearing to withdraw the guilty plea.
During the hearing to withdraw his guilty plea, defendant called his stepdaughter to the stand to recant her statement accusing him of sexual misconduct. Prior to the testimony, the trial court warned the step-daughter of possible penal consequences in her testimony and advised her of her privilege against self-incrimination. The court appointed separate counsel to represent the step-daughter. The court was informed by the step-daughter’s counsel that the step-daughter understood her rights, the consequences of her testimony, and wished to testify at the hearing. During questioning, the district attorney objected to defendant’s step-daughter’s testimony because her statement was not part of the prior guilty plea proceedings, and on the basis that the Boykinization validly established a factual basis for the conviction. Defense counsel asserted that the testimony was relevant because it explained defendant’s state of mind in determining to enter a plea of guilty.
The trial judge maintained the objection and denied defendant’s request to withdraw his guilty plea. The judge stated that defendant’s state of mind at the guilty plea clearly showed an intelligent and voluntary decision to admit guilt. The court emphasized that defendant, under oath, affirmed the factual accuracy of his own statement indicating sexual misconduct with his stepdaughter. The court noted that the statement which the step-daughter sought to recant was “not in evidence or was not until this moment and I do not believe that it really would have any bearing on the decision that I’m going to make here today.”
Defendant contends the trial court erred in refusing to allow the step-daughter to recant her accusations at the hearing to withdraw the guilty plea, and in failing to consider the testimony in denial of the motion. Defendant contends that his awareness of his step-daughter’s statement formed the basis of his determination to plead guilty, and the veracity of the statement was a necessary consideration for the trial court in determining whether the motion to withdraw the guilty plea should be granted.
It is noted that the instant assignment of error is based on the same issue previously brought before this court in defendant’s writ application, K87-1233. This court is not precluded from re-evaluation of this issue by the earlier denial of defendant’s writ application. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and it does not bar consideration of the merits of the issue denied supervisory review when an appeal is taken *419 from the final judgment. State v. Smith, 322 So.2d 197 (La.1975); State v. Young, 443 So.2d 608 (La.App.3rd Cir.1983).
La. C.Cr.P. art. 559 states that a trial court may permit a plea of guilty to be withdrawn at any time before the imposition of sentence. The trial court has wide discretion in permitting a guilty plea to be withdrawn but this discretion may not be exercised arbitrarily. State v. Compton, 367 So.2d 844 (La.1979). A trial court should allow a plea of guilty to be withdrawn only where facts surrounding the plea render it constitutionally deficient. State v. Alfonso, 496 So.2d 1218 (La.App. 5th Cir.1986), writ denied, 501 So.2d 206 (La.1987); State v. Deville, 457 So.2d 864 (La.App. 3rd Cir.1984). An otherwise valid plea is not rendered involuntary merely because it was entered to limit the potential penalty. State v. Compton, supra; State v. Wright, 506 So.2d 933 (La.App. 1st Cir.1987).
In the instant case defendant relies exclusively on State v. Compton, supra, in support of his position. Many of the facts in Compton are closely analogous to those in the instant case. In Compton, defendant was accused of several sexual offenses against four juveniles. The four testified at a preliminary examination concerning defendant’s sexual activities with them. Defendant entered pleas of guilty upon the advice of his attorney and in order to avoid a potential life sentence on a charge of aggravated rape which was dismissed. After the guilty pleas, one of the victims rescinded her accusations, and defendant moved to withdraw his guilty pleas. At the hearing on the motion to withdraw his guilty pleas, defendant sought to elicit testimony from the complaining witness who recanted her accusations. The trial judge warned the witness of possible consequences of admitting to lying at the preliminary hearing and of her right against self-incrimination. The judge instructed defense counsel not to question the witness about the truth of her testimony at the preliminary hearing and discontinued the testimony when the witness stated that she went to the office of defense counsel “to tell that he didn’t do me nothing.”
In remanding the matter for a new hearing, the court stated:
“Therefore, the trial judge’s instructions which prevented defendant from questioning the witness relative to the truth or falsity of her testimony at the preliminary examination precluded defendant from presenting evidence relevant to a material issue, i.e., the credibility of the witness. It was necessary that this issue be resolved by the trial judge in the process of exercising his discretion as to whether he should permit defendant to withdraw his guilty plea. Hence, we consider that the trial judge’s instructions limiting the examination of this witness had the effect of violating defendant’s constitutional rights to present witnesses in his defense, to have effective assistance of counsel, and to due process of law. U.S. Const. Amends. YI and XIV; La. Const, arts. 1, §§ 2, 13, and 16. Compton, supra at 848.”
Although many of the facts in Compton are analogous to those in the instant case, there are additional factors in the instant case which make this matter distinguishable. Here, the case against defendant consisted of more than the statement of the victim. In addition to the statement by the victim, there was a confession by defendant made on the day of his arrest. This confession was the subject of a motion to suppress which was denied by the trial court. Also, at the plea colloquy, defendant admitted the factual allegations of the bill of information.
The testimony of the victim in Compton was material because of earlier inconsistent testimony at the preliminary hearing. The testimony of the victim apparently was the only evidence in the case against the defendant. The possibility that the victim lied at the preliminary hearing would have destroyed the case against the defendant. In the present case, however, defendant admitted culpability in a statement and during the guilty plea. Although the out-of-court statement by the step-daughter incriminated defendant, the step-daughter *420 never testified at a hearing prior to the guilty plea nor was her statement ever made a part of the record until the hearing to withdraw the plea. Because there was strong evidence of defendant’s guilt existing independently of the step-daughter’s statement, there was no necessity for the trial judge, in the process of exercising his discretion as to whether he would allow defendant to withdraw his guilty plea, to allow defendant to question the step-daughter about the truth of her out-of-court statement. It seems apparent that the trial court believed that the admission of the defendant at the guilty plea hearing accurately portrayed the true facts of the case. Also, had the step-daughter been allowed to testify more fully as to the truth of her statement, the court would have nevertheless denied defendant’s motion.[1]
Defendant pleaded guilty to limit a potentially more severe penalty. There was an express admission of guilt at the guilty plea. There was a statement after arrest admitting sexual contact. The record before the court contained strong evidence of guilt existing independently of the stepdaughter’s statement, which allowed the court to conclude that the guilty plea was intelligently and voluntarily entered. State v. Wright, supra. Because of the independent evidence, it does not appear to be error for the trial court to have refused to hear the step-daughter’s testimony at the hearing to withdraw the guilty plea. The trial court’s action was not an arbitrary exercise of the broad discretion afforded the court in permitting the withdrawal of a guilty plea.
For the reasons above, we affirm the conviction and sentence of the defendant.
AFFIRMED.

. In explaining his decision, the trial judge stated, “I have seen the statement that was introduced that was allegedly given by this witness ... it’s not in evidence or was not until this moment and I do not believe that it really would have any bearing on the decision that I’m going to make here today.”