# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-401

## STATE OF LOUISIANA

## VERSUS

## DAVID IBURG A/K/A DAVID RALPH SARACINO

**********

## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, DOCKET NO. 5751-05
## HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
**ATTORNEY FOR DEFENDANT/APPELLANT**
    David Iburg a/k/a David Ralph Saracino

John F. Derosier, District Attorney
Karen C. McLellan, Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
**ATTORNEY FOR APPELLEE**
    State of Louisiana

**Cooks, Judge.**

## FACTS AND PROCEDURAL HISTORY

On March 17, 2005,  Defendant, David Iburg a/k/a David Ralph Saracino, was indicted by a grand jury with aggravated rape and sexual battery, violations of La.R.S. 14:42 and 14:43.1 respectively.  It was alleged over an approximate three-week period in 2004, Defendant performed acts of oral sex upon the then four-year-old victim, K.W.

A sanity hearing was held on February 4, 2009, and Defendant was found competent to proceed to trial.  On September 26, 2011, Defendant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to the amended charge of forcible rape.  The charge of sexual battery was *nolle prossed*.  Defendant was sentenced on January 6, 2012, to serve forty years at hard labor, without benefit of probation, parole, or suspension of sentence, to run consecutively to any other sentence he was serving.  Defendant's motion to reconsider sentence filed on January 13, 2012 was summarily denied.

Defendant is before this court on appeal, arguing the trial court erred in failing to allow him to withdraw his *Alford* plea.  After thorough review of the record, we find Defendant's conviction should be affirmed.

## ANALYSIS

In his sole assignment of error, Defendant argues the trial court erred in failing to allow him to withdraw his *Alford* plea.  Defendant maintains he was informed by defense counsel that if he pled guilty, his sentence would run concurrently with a sentence he is serving in Utah.  He sought to withdraw his plea prior to sentencing when he learned that his sentence would not run concurrently to his Utah sentence.

Pursuant to La.Code Crim.P. art. 559(A), "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence."

> The court possesses broad discretion in this regard but we have repeatedly emphasized that "this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal." [*State v.*] *Calhoun*, 96-0786 at 6, 694 So.2d [909] at 912; *see also*, *State v. Jenkins*, 419 So.2d 463, 466 (La.1982); *State v. Compton*, 367 So.2d 844, 847 (La.1979); *State v. Baudoin*, 334 So.2d 186, 188 (La.1976). However, a trial court does not arbitrarily abuse its discretion in denying a motion to withdraw a guilty plea made by a defendant who merely anticipates that he will receive a sentence greater than he had hoped for, *State v. Deakle*, 372 So.2d 1221, 1222 (La.1979), or who alleges that he entered the plea solely to limit his sentencing exposure. *Compton*, 367 So.2d at 847.

*State v. Blanchard*, 00-1147, p. 4 (La. 4/20/01), 786 So.2d 701, 704.

A review of the record reveals that neither the "Waiver of Constitutional Rights and Plea of Guilty" form nor the guilty plea transcript contain any provisions with regard to a sentencing agreement. The guilty plea hearing held on September 26, 2011, reflects that defense counsel reviewed the waiver with Defendant and that Defendant read, understood, and signed the waiver. Also, Defendant confirmed his decision to enter a plea of guilty to the reduced charge of forcible rape after consulting with defense counsel.

The trial court reviewed the waiver form with Defendant and the rights he would be waiving. The form indicated Defendant understood the nature of the charge and it could result in a penitentiary sentence. The form also specified Defendant was aware of the minimum and maximum sentences of five to forty years for forcible rape. The trial court asked Defendant if he had been induced to plead guilty or was threatened, pressured, or forced to sign the guilty plea form. Defendant replied, "No." Prior to the trial court's acceptance of the plea, Defendant confirmed his actions were free and voluntary and he did not have any questions about his rights or the form.

2

When the State set forth the factual basis for the offense, Defendant stated that he did not admit to the facts as presented. Defense counsel then indicated Defendant wished to enter a no contest plea and he understood there was no difference in the penalty or result. She added Defendant did not admit to the facts in the case but would enter the plea because he felt certain he would be convicted at trial. After a discussion between the trial court and the parties about whether Defendant wanted to enter a plea of no contest versus an *Alford* plea, Defendant decided he wanted to enter an *Alford* plea, because it was in his best interest to avoid the likelihood of being convicted on the more serious charge of aggravated rape.

At sentencing on January 6, 2012, counsel for Defendant moved to withdraw the plea agreement, stating Defendant had been induced to enter the plea pursuant to an agreement with the State that it would recommend his sentence run concurrently with his sentence imposed in Utah. After entering the plea agreement, Defendant learned from the State that no such recommendation would be made. Defense counsel maintained that the recommendation was the inducement upon which Defendant relied in entering his plea.

The State responded that at no time was an inducement offered for Defendant's plea. The primary benefit of the plea was the amendment of the aggravated rape charge, which carried a mandatory life sentence, to forcible rape. Also as part of the plea agreement, the State agreed not to charge Defendant as a habitual offender.

Defense counsel urged that a life sentence and a forty-year sentence were one and the same for Defendant. She recalled that it was the promise of concurrent time with the sentence he was currently serving in Utah that induced him to enter the plea agreement. Counsel for Defendant maintained she discussed it with

3

Defendant, the State, and the trial court while in the courtroom, and there was an understanding upon which they had all arrived.

The State argued there was no inducement, pointing out Defendant's Utah sentence was one to fifteen years. As such, there was no way the State would have agreed to or mentioned the possibility of any type of concurrent sentence. The State added that it was completely up to the trial court to determine Defendant's sentence.

The trial court stated:

> All right. Look, let me say this: If anything like that was put on the -- if there was some discussion ahead of time, I can tell you, without having more information than I would have had at the time, I certainly would never have agreed -- I don't commit myself without knowing -- you know, having all the information, so I certainly would not have agreed to concurrent time or to a concurrent sentence without knowing more information.

The trial court also indicated it did not recall having any information about Defendant's Utah charge or sentence and it was uncertain as to how much time Defendant had to serve and/or parole eligibility given a one to fifteen-year sentence. The State indicated it was unable to get a definite answer from Utah regarding Defendant's sentence.

The trial court then stated even a partial recommendation is usually put on the record. The trial court had no recollection of the recommendation and believed any such recommendation would be found in the record. Defense counsel responded she had not put that on the record and any misunderstanding still gave rise to Defendant's right to withdraw his plea. The trial court clarified it was not suggesting there was a misunderstanding; the trial court did not think it would have ever agreed to such a recommendation. The trial court added even if the State had made such a recommendation, it was the trial court's ultimate decision whether or not to follow the recommendation.

4

Defense counsel stated she certainly relayed to Defendant that the State would recommend a concurrent sentence which led to his inducement to plea. Her notes reflected the recommendation as well as her memory. Defense counsel maintained it was not her practice to put such things on the record, but discussions were had to ensure the plea is the right decision for a particular defendant.

The trial court responded there were other inducements in the Defendant's plea agreement, including the State's agreement not to charge him as a habitual offender. The trial court also opined it was to any prisoner's advantage to have a term of years as opposed to a life sentence. The trial court concluded, at some point on the plea form the sentencing recommendation should have been put on the form. The motion to withdraw was denied.

On appeal, Defendant argues, although the evidence was insufficient to show that a plea bargain existed with the trial court or State, it was sufficient to show that defense counsel reasonably thought a plea bargain existed and that Defendant relied upon her representations in entering his plea. Defendant urges, at the very least, defense counsel's incompetence in failing to secure a written confirmation from the State and trial court shows his plea was not knowingly entered.

We find the record does not support Defendant's contention that he was induced to enter the plea agreement in exchange for the State's recommendation of concurrent sentences. Further, even if Defendant had shown such an agreement, the trial court was not bound by a sentence recommendation. Accordingly, this assignment of error is without merit.

**DECREE**

For the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**

5