NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-834

STATE OF LOUISIANA

VERSUS

DAVID IBURG
AKA DAVID RALPH SARACINO

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5751-05
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
JAMES T. GENOVESE
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Trent Brignac
District Attorney - 13th JDC
P.O. Box 780
Ville Platte, LA 70586
(337) 363-3438
COUNSEL FOR APPELLEE:
 State of Louisiana

Edward K. Bauman
Post Office Box 1641
Lake Charles, LA 70602
(337) 491-0570
COUNSEL FOR APPELLANT:
 David Iburg
 aka David Ralph Saracino

**Genovese, Judge.**

On September 26, 2011, Defendant-Appellant, David Iburg aka David Ralph Saracino, entered a plea of guilty to forcible rape. On January 6, 2012, Relator was sentenced to forty (40) years at hard labor, without the benefit or probation, parole, or suspension of sentence. The sentence was to run consecutively with any other sentence imposed.

On April 2, 2012, Relator filed an appeal with this court. This court affirmed Relator's conviction and sentence on November 7, 2012. *State v. Iburg*, 12-401 (La.App. 3 Cir. 11/7/12), 101 So.3d 614. Relator sought review of this court's ruling with the Louisiana Supreme Court on December 17, 2012. On May 17, 2013, The Louisiana Supreme Court remanded the case to the trial court for appointment of counsel and for an evidentiary hearing to determine if Relator's plea of guilty was involuntary; in all other respects, Relator's writ was denied. *State v. Iburg*, 12-2720 (La. 5/17/13), 118 So.3d 372. On May 13, 2014, Defendant filed a "MOTION TO RECUSE" with the trial court, asserting, "Directly at issue in said evidentiary hearing is the content of certain conversations that occurred off-the-record between Defendant's prior counsel, the prosecutor, his Honor David Ritchie, and others." On May 23, 2014, an evidentiary hearing was held; thereat, the trial court denied both Relator's motion to recuse and motion to withdraw guilty plea. On May 29, 2014, Relator filed a "MOTION FOR APPEAL and DESIGNATION OF RECORD" with the trial court. On the same date, the trial court granted Relator's motion with a return date of August 13, 2014.

On August 15, 2014, this court lodged the appeal record for this case. On January 14, 2015, this court issued a rule to show cause why this matter should not be dismissed, as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 930.6.

On January 28, 2015, Defense counsel filed a "MOTION BY APPOINTED COUNSEL TO WITHDRAW" with this court, asserting, "The Louisiana Appellate Project has contracted with Calcasieu Parish to handle felony appeals and not writ applications." On the same date, Defense counsel also filed a "RESPONSE TO COURT ORDER" acknowledging that the "issue presented was erroneously filed as an appeal instead of a writ application. Therefore, the appeal of this matter should be properly dismissed and, in the interest of judicial economy, this matter should be considered as a writ application with Mr. Iburg allowed sufficient time to address the same *pro se* or through appointed counsel."

Accordingly, Defense counsel's "MOTION BY APPOINTED COUNSEL TO WITHDRAW" and the request to dismiss the appeal in this case are hereby granted. Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**