TATE, Justice.
The defendant Barber was convicted of carnal knowledge of a juvenile and was sentenced to two years in the parish jail.
The single ground for reversal he urges on his appeal is that the trial court erred in denying a motion for a directed verdict. La.C.Cr.P. art. 778. Such a motion lies only if the State produces no evidence at all to prove the crime charged or an essential element of it. State v. Douglas, 278 So.2d 485 (La.1973).
The defendant contends that the State did not prove the “sexual penetration” of the “sexual intercourse” with the juvenile, an essential element of the crime.[1]
The evidence shows:
The victim, a 15-year-old girl, ran away from home with her two cousins. The three young girls went to a motel room about noon with the defendant and another boy and were joined later by a third boy. The three couples spent the latter part of the day in the motel room together.
The victim stated that she and the defendant “had sex” or had “sexual relations” together twice between 6:30 PM and 9:30 — 10:00 PM, when the defendant left. Her two cousins testified that the victim and the defendant were in bed together, although the girls allegedly did not see what the couple in bed were doing.
There is no testimony that the victim had any intimate relationship with anyone else than the defendant. About- noon on the following day, the police located the girls at the motel; a little later, they had them examined by a physician.
The physician conducted an examination of the victim at about 8:4-5 PM. Based on *297 chemical tests of sperm he had found within the vagina of the victim, he testified that the victim had had recent sexual intercourse with a male. He estimated that the intercourse had taken place within twenty-four hours or so of his examination.
The trial jury thus had before it evidence from which it could reasonably infer that, in the sexual intercourse between the defendant and the victim, there had been penetration by the male part into the female parts, as required for commission of the crime. The trial judge therefore correctly denied the motion for a directed verdict.
Accordingly, we affirm the conviction and sentence.
Affirmed.

. La. R.S. 14:80 provides: “Carnal knowledge of a juvenile is committed when anyone over the age of seventeen has sexual intercourse, with her consent, with any unmarried female person of the age of twelve years or over, but under the age of seventeen years. Lack of knowledge of the female’s age shall not be a defense. Emission is not necessary; any sexual penetration, however slight, is sufficient to complete the crime.” (Italics ours.)