846 So.2d 786 (2003)
STATE of Louisiana
v.
Ronald M. SMITH, Jr.
No. 02-719.
Court of Appeal of Louisiana, Third Circuit.
February 12, 2003.
*787 Paula C. Marx, Louisiana Appellate Project, Lafayette, LA, for Defendant/Appellant, Ronald M. Smith, Jr.
David W. Burton, District Attorney, DeRidder, LA, for Appellee, State of Louisiana.
Court composed of ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS and JIMMIE C. PETERS, Judges.
COOKS, Judge.
On or about August 8, 2001, Ronald M. Smith, Jr., who was thirty at the time, had consensual sexual intercourse with a sixteen-year old victim. He was convicted by a jury of carnal knowledge of a juvenile, a violation of La.R.S. 14:80 and was sentenced to seven years at hard labor and ordered to pay a fine of fifteen hundred dollars, plus court costs. Smith appeals, asserting his sentence is excessive and the trial court did not adequately consider mitigating factors required by La.Code Crim.P. art. 894.1.

Compliance with La.Code Crim.P. art. 894.1 and Excessiveness of Sentence
The defendant alleges the trial court did not adequately consider the mitigating factors as required by La.Code Crim.P. art. 894.1 and the sentence is constitutionally excessive under the circumstances of the case.
The sentencing guidelines to be followed by the trial court are found in Article 894.1. In considering these guidelines, this court has held:
[T]he trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). The purpose of obligating a trial court to do so "is to insure that each sentence is individualized to the offender and the offense." State v. Davis, 511 So.2d 91, 92 (La.App. 3 Cir. 1987). However, to comply with La. Code Crim.P. art. 894.1(C), the trial court is not required to "articulate every circumstance or read through a checklist of items." State v. Anderson, 95-1688, p. 4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483. Still, the record should sufficiently establish that the trial court adequately considered the guidelines of La. Code Crim.P. art. 894.1 in particularizing a defendant's sentence. Id.

State v. Spencer, 00-1335, p. 7 (La.App. 3 Cir. 2/28/01); 781 So.2d 780, 785.
At the sentencing hearing for Smith, the trial judge stated:
The offense occurred on August 8, 2001, in the ladies' prayer room of the Trout Creek Pentecostal Church, which is located near the Junction Community in Beauregard Parish, Louisiana.
At the time of the offense the victim, S.F., was 16 years of age and you were 30 years of age. From my observations at the trial, S.F. did not appear particularly mature for her age, either from the perspective of her physical appearance or from observing her conduct. You were fully aware that she was 16 years of age at the time you committed this crime.

*788 At the conclusion of the trial the Court ordered a presentence investigation to be prepared by the Division of Probation and Parole. I have received that report, and it has been thoroughly reviewed by the Court.
. . . .
According to the PSI, your only prior criminal conviction was for possession of drug paraphernalia in Myers County, Florida, in 1994.
After your arrest in the instant case, you were granted bail with specific instructions from the Court and with bail being conditioned on you having no contact whatsoever with S.F. You ignored the instructions and conditions of your bond; and as a result, you were placed back in the Beauregard Parish Jail to await trial.
I have considered all provisions of Code of Criminal Procedure Article 894.1, which provides the factors to be taken into account as to whether you should receive a probated sentence, as well as sentencing guidelines. I find there are particularly aggravating circumstances in this case. The father of S.F. had repeatedly instructed you to stay away from his daughter, your own mother told you that S.F. was too young for you, you acknowledge that you knew she was only 16, and, further, you violated the instructions of this Court and the provisions of your bond pertaining to no contact with S.F. while you were awaiting trial. For all of these reasons, I find that you are not a good candidate for probation.
All factors considered, the Court finds that confinement with the Department of Corrections for a substantial period of time is appropriate in your case.
The defendant argues the trial court placed too much emphasis on the assertions that the victim's father repeatedly told him to stay away from the victim, that the defendant's mother told him the victim was too young for him, and that he had contact with the victim against the trial court's orders after he was released from jail on bond. The defendant argues "that improper weight was given to these factors, and too little emphasis was placed on mitigation factors, such as Smith's first offender status," and on the fact that after his release on bond it was the victim who "stole her father's van and went to see him." The defendant contends the trial court failed to consider as mitigating factors that the victim was not harmed and was an active participant.
We find the fact that Smith was warned to stay away from the victim indicates Smith ignored the consequences involved in engaging in sexual intercourse with a juvenile, thereby supporting the trial court's finding that Smith would commit the same offense again. See La.Code Crim.P. art. 894.1(A)(1). Additionally, consent is an element of the offense of carnal knowledge of a juvenile; therefore, the fact that the victim was an active participant in Smith's criminal conduct is not a mitigating factor to be considered. "The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions." State v. Bugbee, 34,524, p. 12 (La.App. 2 Cir. 2/28/01); 781 So.2d 748, 758. We find the trial court adequately considered the sentencing guidelines when he imposed Smith's sentence as required by La.Code Crim.P. art. 894.1.
Smith contends his sentence of seven years at hard labor is constitutionally excessive under the circumstances of this case. Louisiana Revised Statutes 14:80(C) provides imprisonment of not more than ten years, with or without hard labor.
*789 Smith was sentenced to seven years at hard labor.
In determining whether a sentence is excessive, this court stated, in State v. Hammock, 97-1164 p. 5 (La.App. 3 Cir. 4/1/98); 711 So.2d 756, at 758, writ denied, 98-1143 (La.9/25/98); 726 So.2d 11:
For a sentence to be excessive, the penalty must be so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore it is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir. 1988), writ denied, 536 So.2d 1233 (La. 1989).
Id. at p. 5, 758. See, also, the recent Louisiana Supreme Court case of State v. Smith, 99-0606 (La.7/6/00); 766 So.2d 501.
In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. State v. Smith, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." State v. Batiste, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, 958. In Cook, the defendant pled to a charge of vehicular homicide and was sentenced to serve nine years at hard labor. This court vacated the sentence as excessive on the grounds that it made no meaningful contribution to acceptable penal goals and was the needless imposition of pain and suffering. The Louisiana Supreme Court reversed and reinstated the defendant's sentence. The supreme court stated the trial court is given "`broad sentencing discretion'" and the only relevant question on review was "`whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.' " Id. at 959 (quoting State v. Humphrey, 445 So.2d 1155, 1165 (La.1984))
Smith, who was thirty years old, was well aware that the victim was only sixteen years old at the time of the affair. Considering the evidence presented in this matter, the age difference between Smith and the victim, the fact that Smith was warned on more than one occasion to end the relationship but refused to do so, and the sentences imposed in similar cases, this court finds the sentence of seven years is not so grossly disproportionate to the severity of the crime as to shock our sense of justice.

Error Patent
We find one error patent on the face of the record. The trial court ordered the defendant to pay a $1500.00 fine. The penalty provision in effect at the time of the commission of the offense did not provide for the imposition of a fine. In the 2001 Regular Session, the Louisiana Legislature amended the penalty provision for La.R.S. 14:80 to provide for the imposition of a fine of not more than $5,000.00. The effective date of the act was August 15, 2001, seven days after the defendant committed the present offense. Thus, the trial court was without authority to impose a fine in the present case.
*790 An appellate court may correct an illegal sentence when the correction does not involve the exercise of sentencing discretion. La.Code Crim.P. art. 882(A); State v. Gregrich, 99-178 (La.App. 3 Cir. 10/13/99); 745 So.2d 694. Therefore, we amend the defendant's sentence to delete that portion imposing a $1500.00 fine.

DECREE
For the foregoing reasons, the sentence imposed by the trial court is affirmed. However, that portion of the sentence imposing a $1500.00 fine is deleted.
AFFIRMED AS AMENDED.
THIBODEAUX, J., dissents and assigns written reasons.
THIBODEAUX, J., dissenting.
In this case, the Defendant was charged with one count of carnal knowledge of a juvenile and was convicted as charged. The Defendant had one prior misdemeanor conviction for possession of drug paraphernalia. At trial, the victim testified she was a willing participant and that she was sixteen years old at the time. The affair lasted approximately one month and that the Defendant and the victim engaged in sex on two other occasions during that time period.
In State v. Hammock, 97-1164 (La.App. 3 Cir. 4/1/98); 711 So.2d 756, writ denied, 98-1143 (La.9/25/98); 726 So.2d 11, this court did not find a sentence of five years to be excessive on a conviction for carnal knowledge of a juvenile where the victim was fifteen years old and the defendant was twenty years old. Hammock had two prior felony convictions for distribution of cocaine. The defendant in State v. Sanderson, 97-1281 (La.App. 3 Cir. 5/13/98); 715 So.2d 483 received a sentence of three years at hard labor, suspended, with five years probation. Sanderson pled guilty to one count of carnal knowledge of a juvenile. The victim was sixteen and mentally retarded. In State v. Guffey, 94-797 (La. App. 3 Cir. 2/1/95); 649 So.2d 1169, writ denied, 95-973 (La.9/22/95); 660 So.2d 469, the defendant was originally charged with five counts of molestation, but pled guilty to five counts of carnal knowledge with a juvenile, his fifteen-year-old stepdaughter. Guffey was sentenced to three years at hard labor on three counts, and five years at hard labor on two counts. The five-year sentences were suspended and all sentences were ordered to run concurrently. This court vacated the sentences and remanded the matter to the trial court because the trial court failed to articulate a factual basis for the sentences. A sentence of seven years at hard labor was found not to be excessive in State v. Ezernack, 496 So.2d 1317 (La.App. 3 Cir.1986) where the defendant pled guilty to one count of carnal knowledge of a juvenile. The victim was Ezernack's minor stepdaughter and the offenses occurred over a long period of time. The trial court noted Ezernack had an extensive criminal history and that there was a fifteen-year age difference between the defendant and the victim. The defendant in State v. Cary, 535 So.2d 417 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1244 (La.1989), pled guilty to one count of carnal knowledge of a juvenile. In exchange for his plea, the State dropped two charges of aggravated crimes against nature and two charges of molestation of a juvenile. Cary received seven years at hard labor. The victim was his sixteen-year-old stepdaughter.
The majority gives lip service to the factor of disproportionate, disparate sentences, but does not consider this factor at all. If it had, I am convinced a different result would have been reached. I have examined sentences imposed on similarly-situated defendants in other courts and jurisdictions: State v. Smith, 404 So.2d 210 *791 (La.1981), four years where defendant impregnated a twelve-year-old; State v. Compton, 367 So.2d 844 (La.1979), concurrent three years on each of four counts of carnal knowledge involving four different girls; State v. Blackwell, 377 So.2d 110 (La.1979), ten years for carnal knowledge of a juvenile, convicted as a third-felony offender; State v. Barber, 315 So.2d 296 (La.1975), two years where the victim was a 15-year-old runaway; State v. Berry, 31,861 (La.App. 2 Cir. 3/31/99); 732 So.2d 638, ten years for carnal knowledge of a juvenile pled down from two counts of forcible rape where there was evidence that the victim struggled and scratched defendant; State v. DeGueurce, 30,334 (La.App. 2 Cir. 2/25/98); 710 So.2d 296, writ denied, 98-1213 (La.10/9/98); 726 So.2d 18, three years where the defendant was a female teacher who had sexual intercourse with one of her fourteen-year-old students over a one-year period; State v. Owunta, 98-0006 (La.App. 4 Cir. 3/31/99); 734 So.2d 57, a five-year suspended sentence imposed on a defendant who was a teacher who had sexual intercourse with a student over a three-month period; State v. Lewis, 97-1549 (La.App. 4 Cir. 2/3/99); 727 So.2d 1274, ten years where the defendant was a family friend and the sexual relationship occurred over a two-month period; State v. Boudreaux, 565 So.2d 1069 (La.App. 5 Cir.1990), a ten-year sentence was imposed pursuant to a plea agreement where aggravated crimes against nature and molestation charges were dismissed.
Considering the nature of the crime and the Defendant's background, I find a great disparity between the Defendant's sentence and sentences imposed on similarly-situated defendants for similar crimes. Thus, the Defendant's sentence of seven years at hard labor is excessive and makes no measurable contribution to acceptable penal goals. I would vacate the Defendant's sentence and remand this matter to the trial court for resentencing.
For the foregoing reasons, I respectfully dissent.