NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-659

STATE OF LOUISIANA

VERSUS

WILLIAM A. GOODWIN, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR878-2004
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Richard Frederick Blankenship
David W. Burton
District Attorney, 36th Judicial District
P. O. Box 99
DeRidder, LA 70634
Counsel for Appellee:
    State of Louisiana

Charles Carmen Foti, Jr.
Attorney General, State of Louisiana
P. O. Box 94005
Baton Rouge, LA 70804
Counsel for Appellee:
    State of Louisiana

**David L. Wallace**
**P. O. Box 489**
**DeRidder, LA 70634**
**Counsel for Defendant-Appellant:**
**William A. Goodwin, Jr.**

PAINTER, Judge.

The Defendant, William A. Goodwin, Jr., appeals the sentence imposed in connection with his conviction for accessory after the fact to simple escape. For the following reasons, we affirm.

FACTS

The factual basis for the offense does not appear of record except in the police report provided to Defendant in response to his Motion for Discovery and Inspection, from which the following facts have been extracted. On November 9, 2004, trustee inmate Frederick Bester escaped from the Beauregard Parish jail. He was captured in Lake Charles, Louisiana along with his wife, Charise Bester. While in custody at the Calcasieu Parish jail, Charise reported that Defendant helped Bester after his escape. Defendant took Bester into his house, picked up Charise, and reunited the couple at his house. Later that day, he took the two to Leesville and gave Bester $300.00 in cash. On November 11, 2004, a deputy contacted Defendant regarding several phone calls the Besters made to his house. He denied any contact with the Besters.

Defendant was arrested and charged with accessory after the fact to simple escape. He initially pled not guilty but later changed his plea to guilty as charged. He was sentenced to twenty-four months at hard labor with credit for time served, that sentence to be served consecutively to any previous sentence remaining unserved. Defendant filed a motion to reconsider sentence, which the trial court denied. Defendant now appeals the sentence as excessive.

DISCUSSION

In his motion to reconsider sentence, Defendant did not assert a specific ground upon which he alleged his sentence to be excessive. He only stated that "[t]he sentence imposed on the defendant is grossly out of proportion to the crime committed . . . . Defendant would request that this Honorable Court reconsider and change the sentence to a lesser sentence . . . ." "The failure to file a motion to reconsider sentence, or to state a specific ground upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. LSA-C.Cr.P. art. 881.1(E)." *State v. McGee*, 04-963, p. 20 (La.App. 5 Cir. 1/11/05), 894 So.2d 398, 412, *writ denied*, 05-593 (La. 5/20/05), 902 So.2d 1050.

Defendant pled guilty to accessory after the fact to simple escape, a violation of La.R.S. 14:25 and 14:110. Louisiana Revised Statutes 14:25 states, in pertinent part, that:

> Whoever becomes an accessory after the fact shall be fined not more than five hundred dollars, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principal offender.

Louisiana Revised Statutes 14:110(B)(3) provides:

> A person imprisoned, committed, or detained who commits the crime of simple escape as defined in Paragraph A(1) of this Section shall be imprisoned with or without hard labor for not less than two years nor more than five years; provided that such sentence shall not run concurrently with any other sentence.

At sentencing, the trial court gave reasons for the sentence, noting a prior felony conviction for distribution of marijuana and two serious misdemeanor convictions which were originally charged as felonies. The trial court further noticed that Defendant's probation on the felony offense was revoked when he committed a

2

subsequent offense. Although Defendant was subsequently paroled and successfully completed his parole, the trial court stated that it did not feel that probation and parole were effective tools to manage Defendant's behavior because he continued to violate the law. The trial court stated its belief that Defendant's behavior suggests disregard for society's rules and a predisposition to commit crimes.

In reviewing excessive sentence claims, this court uses the standard set forth in *State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted):

> La.Const. art I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence make no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court considers factors including "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. Sentences are to be individualized to the offender and the offense. This is the job of the trial court, which is "in the best position to assess the aggravating and mitigating circumstances presented by each case." *Id.*, (quoting *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.)

The maximum sentence to be imposed upon a defendant found guilty of being an accessory after the fact to simple escape is thirty months. Defendant's twenty-four month sentence fell short of the maximum by six months. Considering this along with Defendant's prior criminal history, we find that the trial court did not abuse its discretion in imposing a sentence of twenty-four months.

## CONCLUSION

Therefore, Defendant's sentence is affirmed.

AFFIRMED.