NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-760

STATE OF LOUISIANA

VERSUS

STEVE JOSEPH JANISE

************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 99-09
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.

AFFIRMED.

Michael Cade Cassidy
District Attorney
Stacey C. Naquin
Assistant District Attorney
Post Office Box 1388
Jennings, Louisiana 70546
(337) 824-1893
Counsel for:
        State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
Post Office Box 2057
Natchitoches, Louisiana 71457
(318) 572-5693
Counsel for Defendant/Appellant:
        Steve Joseph Janise

**SULLIVAN, Judge.**

The Jefferson Davis Parish District Attorney charged Defendant, Steve Joseph Janise, with one count of molestation of a juvenile, in violation of La.R.S. 14:81.2(D), for events occurring between January 1, 2005, and April 1, 2007. Defendant pled no contest to the charge on January 27, 2009.

On May 18, 2009, the trial court ordered Defendant to serve twenty-five years at hard labor with credit for time served and with the first five years to be served without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider sentence on the basis that "his original sentence was excessive," which the trial court denied. Defendant now appeals. We affirm.

## FACTS

At the time of Defendant's "nolo contendere" plea, the prosecution set forth the following factual basis:

> Between January 1st, 2005, and April 1st, 2007, in the Town of Roanoke, Louisiana, here in Jeff[erson] Davis Parish, Mr. Janise was living with [S.M.[1]] On April 7th, 2007, Mr. Janise appeared at the Jeff Davis Sheriff's Office stating that he wanted to turn himself in for child molestation. He was then Mirandized and provided a[n] oral statement and a written statement indicating that he had molested three (3) children, [B.L.], [K.L.], and [J.G.] --
>
> . . . .
>
> . . . He was immediately booked, and the children were set up for interviews at the Children's Advocacy Center in Lake Charles. During that interview, [B.L.] indicated that Mr. Janise had used his hand to touch both his penis and his buttocks numerous times and in two (2) different places; one was in the shower at the home of Mr. Janise, and one was in the shop outside of the home where Mr. Janise was living.

---

[1]In accordance with La.R.S. 46:1844(W), initials will be used for the minor victims and their relatives in order to protect their identity.

1

According to the police report introduced at the plea hearing, the victims were six years of age or younger at the time of the abuse. The report indicated that Defendant had rubbed all three of the children's nude buttocks, as well as B.L.'s penis and K.L.'s genitals. It further indicated that when asked why he had abused the children, Defendant responded, "Just for the beauty" of it.

**ASSIGNMENT OF ERROR**

Defendant contends his twenty-five-year sentence is constitutionally excessive, arguing that "[t]he sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974." Defendant contends that the trial court failed to adequately consider the following mitigating factors: Defendant turned himself in to the police; Defendant admitted committing the offense; Defendant had no history of other incidents of abuse, other than the incidents admitted to by Defendant; Defendant had led a law-abiding life for a substantial period of time prior to committing the offense; there was nothing to indicate that Defendant would not respond to probationary treatment; and Defendant showed remorse for his actions and had attempted to "set matters right."

The State responds that the record indicates that the sentencing court "carefully studied" the Pre-Sentence Investigation (PSI) and otherwise considered both the aggravating and the mitigating factors in the case, including: Defendant's lack of a prior felony conviction; Defendant's having admitted to molesting his daughter in the past; Defendant's molestation of multiple victims over multiple incidents; Defendant's knowledge of the victims' vulnerability due to their young age; Defendant's use of his position as the victims' grandmother's boyfriend to facilitate the commission of the crime; Defendant's not receiving multiple convictions and

2

sentences therefor; and Defendant's having pled "no contest" instead of "guilty as charged."

Although Defendant filed a motion for reconsideration of his sentence, he did not claim therein that the trial court failed to adequately weigh the mitigating factors in the case; instead, he raised a bare excessiveness claim. Thus, Defendant is only entitled to a bare excessiveness review of his sentence. La.Code Crim.P. art. 881.1. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (second alteration in original) (citations omitted).

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

3

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

The trial court issued written reasons for sentencing, which provide, in pertinent part:

> The Pre-Sentence Investigation states that you do not have a juvenile criminal history. However, you do have an adult criminal history of arrest, but no convictions. On February 24, 1992, you were arrested for DWI (first offense). On March 20, 2004, you were arrested for Trespassing. Both of these charges were later dismissed.
>
> According to the Pre-Sentence Investigation, on April 1, 2007, you were arrested by the Jefferson Davis Parish Sheriff's office for **MOLESTATION OF A JUVENILE.** The pre-sentence investigation states that you walked into the sheriff's office, admitted to the officers that you had been molesting your girlfriend's grandchildren for the past three (3) years, and wanted to turn yourself in to the authorities. On January 27, 2009, you pled no contest to the charge of **MOLESTATION OF A JUVENILE**. I am going to file the Pre-Sentence Investigation into the record for further reference, if necessary. It should be noted that this is your first felony conviction.
>
> In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are fifty-two (52) years of age and that this is your first felony offense. This has been taken into consideration in mitigating against imposition of the maximum sentence in this matter.
>
> Your involvement in criminal activity demonstrate[s] to this Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of your offense, would not promote respect for the law, and would not provide a just punishment for the crime of which you stand convicted. This Court has an obligation to protect the public from you and will do so by removing you from society.
>
> Therefore, the Court sentences you to the Department of Corrections, State of Louisiana, to be imprisoned at hard labor for a

period of **Twenty Five years, the first five years without benefit of parole, probation or suspension of sentence**.

In denying Defendant's motion to reconsider sentence, the trial court stated that it had reviewed the PSI and noted that Defendant had pled to a lesser included offense of the crime with which he had been originally charged.[2]

Defendant was charged and sentenced under La.R.S. 14:81.2(D)(1), as last amended by 2006 La. Acts No. 36, § 1, which provides:

> Whoever commits the crime of molestation of a juvenile when the incidents of molestation recur during a period of more than one year shall, on first conviction, be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not less than five nor more than forty years, or both. At least five years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.

Thus, Defendant's twenty-five-year hard labor sentence falls within the parameters of the penalty provision. Defendant's sentence is five-eighths the statutory maximum, an upper mid-range penalty.

As argued by the State, Defendant confessed to molesting three juveniles, but was prosecuted for molestation of only one of them. The victim in the instant case was six, but the other two victims were four. Defendant used his position as their grandmother's boyfriend to facilitate the commission of the crime and the molestation spanned a period of more than two years. Moreover, given the tender age of the victim, Defendant could have been charged with molestation of a juvenile under the age of thirteen, as set forth in La.R.S. 14:81.2(E), a crime which carries a sentencing range of imprisonment at hard labor for not less than twenty-five nor more than life imprisonment. Therefore, had Defendant been charged under that provision, his sentence would be considered the minimum penalty allowable by law. Moreover, had

---

[2]Defendant's no contest plea form indicates Defendant was originally charged with sexual battery of a child.

5

Defendant been charged with three counts of violating La.R.S. 14:81.2(E), his minimum possible sentence would have been seventy-five years at hard labor.

We conclude that the trial court did not err in ordering Defendant to serve twenty-five years at hard labor with the first five to be served without benefit of probation, parole, or suspension of sentence.

## DECREE

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.