# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-377

STATE OF LOUISIANA

VERSUS

KENDRICK JERROD SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 76637
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Asa Allen Skinner**
**District Attorney, 30th Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**Kendrick Jerrod Smith**

**Terry Wayne Lambright**
**Attorney at Law**
**100 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**100 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**GREMILLION, Judge.**

In December 2008, the Leesville Police Department received a call about a disturbance at the Mona Lisa Apartments. Officers encountered Defendant, Kendrick Jerrod Smith, and, thereafter, entered the residence. Once inside, police observed several clear plastic bags containing marijuana. The bags were packaged in a manner that suggested the intent to sell the marijuana at a later date.

Defendant was charged by bill of information with possession with intent to distribute marijuana. He first entered a plea of not guilty but subsequently withdrew that plea and entered a plea of guilty to the charged offense. As part of a plea agreement, another charge of distribution in a separate bill of information was dismissed. Ultimately, Defendant was sentenced to serve seven years at hard labor and to pay a fine of $1,000. His motion to reconsider sentence was denied by the trial court.

Defendant is now before this court asserting one assignment of error. He contends the sentence imposed by the trial court was cruel, unusual, and excessive in violation of La.Const. art. 1, § 20. We affirm the court below.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

1

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

Defendant was convicted of possession with intent to distribute marijuana. The penalty for said offense is imprisonment at hard labor for not less than five nor more than thirty years and a fine of not more than $50,000. La.R.S. 40:966(B)(3). Defendant was sentenced to serve seven years at hard labor and to pay a fine of $1,000.

Defendant asserts that the record contains little or no evidence that the trial court reviewed the mitigating factors listed in La.Code Crim.P. art. 894.1. Defendant further asserts he showed remorse for his actions and had voluntarily attended substance abuse programs and programs through drug court to address his substance abuse problem. Defendant contends his efforts were not considered by the trial court.

At the sentencing hearing, the trial court indicated it had reviewed the presentence investigation report and asked defense counsel if there was anything she

2

would like to offer. Defense counsel informed the trial court that Defendant had been attending Vernon ADAC, NA, and Drug Court on a voluntary basis. The trial court then made the following comments:

> All right. The court ordered a pre-sentence investigation to be conducted and I've reviewed the contents of that report in determining the sentence in this case. I have found the factors of Article 894.1 as follows to be applicable. First, this is a drug case and there is significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs. Next, there are no substantial grounds tending to excuse or justify his criminal conduct nor did he act under strong provocation by any victims or others. He's twenty-two years of age. He's single. He does not have any children. He's in good health. There was no indication of any history of employment. He has a tenth grade education and has not received his GED. He does have a history of some drug and alcohol use. He has a prior record and is classified as a second felony offender. The report indicates that on November the 10th, 2005, he was convicted of possession of cocaine, possession of a Schedule IV drug and possession of marijuana first offense. He was given a five-year Department of Correction sentence. That was suspended and he was placed on five years supervised probation and he's currently on probation and the report indicates that his compliance is poor and I noted also earlier that in one of these bills of information was a distribution charge that was dismissed and he has - so, therefore received substantial benefit from, from his plea agreement.

After reviewing the sentencing transcript, it is apparent that the trial court considered the factors set forth in La.Code Crim.P. art. 894.1 at the time Defendant was sentenced. Furthermore, the record clearly supports the sentence imposed. Defendant was a second felony offender who was on probation at the time he committed the offense, a charge of distribution in a separate docket number was dismissed as part of a plea agreement, and the sentence he received was two years more than the minimum sentence. This assignment of error lacks merit.

**DECREE**

Defendant's sentence is affirmed.

**AFFIRMED**.

3