NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-699

STATE OF LOUISIANA

VERSUS

TYREL O. YOUNG

****************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 79,795
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

****************

PHYLLIS M. KEATY
JUDGE

****************

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty,
Judges.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

Asa Allen Skinner
District Attorney
Scott Westerchil
Assistant District Attorney
Post Office Box 1188
Leesville, Louisiana 71446-1188
(337) 239-2008
Counsel for Appellee:
    State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**Counsel for Defendant/Appellant:**
     **Tyrel O. Young**

**KEATY, Judge.**

Defendant, Tyrel O. Young, was charged by bill of information with driving while intoxicated, fourth offense, a violation of La.R.S. 14:98. He initially entered a plea of not guilty; however, he later withdrew his former plea and entered a plea of guilty to driving while intoxicated, third offense. The State agreed to not pursue habitual offender proceedings, and it dismissed another bill of information pending against him. The trial court ordered a pre-sentence investigation and, on March 23, 2011, sentenced Defendant to the maximum term of five years at hard labor and ordered him to pay a two thousand dollar fine. The sentence was ordered to run concurrently with any other sentence to which Defendant was subject. Defendant made an oral motion appealing his sentence at the sentencing hearing. He later filed a written motion to reconsider sentence, which was denied without a hearing. Thereafter, he filed a written motion for appeal.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel. For the following reasons, we affirm and grant counsel's motion to withdraw.

## FACTS

On July 11, 2010, officers of the New Llano Police Department observed a vehicle being operated in an erratic manner. The vehicle they pulled over was being operated by Defendant. Officers noticed a strong odor of alcohol on Defendant's breath. Defendant also exhibited slurred speech, a swaying stance, and bloodshot eyes. After Defendant failed a field sobriety test, he submitted to a breathalyzer test at the police station; it registered a blood alcohol content of .227 grams percent.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After review, we find there are no errors patent.

**ANDERS ANALYSIS**

Pursuant to *Anders*, 386 U.S. 738, and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, Defendant's appellate counsel filed a brief stating she could find no errors on appeal to support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and have confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he entered a free and voluntary guilty plea after properly being advised of his rights in

accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Although the sentence may be illegally lenient for failure to order the seizure, impoundment, and sale of Defendant's vehicle, Defendant's term of imprisonment complies with the statutory sentencing range. Defendant filed a motion to reconsider his maximum sentence, claiming it was disproportionate to the seriousness of the offense, made no measurable contribution to the acceptable goals of punishment, and represented the purposeless imposition of pain and suffering. The motion was denied on April 4, 2011.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's "*Anders* brief must 'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Jyles*, 704 So.2d at 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *Id.* at 242 (quoting *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176).

In her brief to this court, counsel for Defendant states that she reviewed the record and noted one possible assignment of error. Defendant was not advised of

3

his right to be represented by an attorney at all times or of his right to court-appointed counsel if he were indigent. However, Defendant was represented by appointed counsel at the plea hearing and all other pertinent proceedings. He signed a plea form which set forth in writing his right to counsel. Under those circumstances, we are convinced that Defendant would be unable to show any prejudice on appeal by the trial court's failure to specifically advise of his right to counsel.

Counsel also reviewed Defendant's sentence in her brief. After considering Defendant's sentencing exposure as a fourth DWI offender, his criminal history, and the benefits he received as a result of his plea agreement, counsel concluded that an appeal based on a claim of excessive sentence would be frivolous.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Pursuant to La.R.S. 14:98(D), a third DWI offender must be sentenced to a term of imprisonment "with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars." Therefore, the term

4

of imprisonment ordered by the trial court in this matter is the maximum allowable under the statute.

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive.

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982).

We have independently reviewed the record. Defendant, who was twenty-nine years old at the time of sentencing, was convicted of simple burglary on January 15, 1999. He received a six-year suspended sentence and was placed on supervised probation which was terminated unsatisfactorily in 2003. Defendant was again convicted of simple burglary on September 5, 2000, and sentenced to eight years to run consecutively; that sentence was also suspended. Defendant was

placed on supervised probation which was revoked in 2005. On September 7, 2005, Defendant was convicted on two counts of driving while intoxicated, third offense. On one count, he was sentenced to three years with the Department of Corrections, with two years and eleven months suspended, and he was placed on supervised probation for three years. On the second count, he was sentenced to five years with the Department of Corrections, with four years and eleven months suspended, and he was placed on supervised probation for five years. Both probations were revoked in August of 2010. Defendant also had misdemeanor convictions for driving while intoxicated in 2000 and 2002, along with two other misdemeanor convictions for other charges.

The trial court reviewed the factors of La.Code Crim.P. art. 894.1 and found, in addition to Defendant's criminal history, "no substantial grounds which would excuse or justify [Defendant's] criminal conduct." Defendant did not act under strong provocation from anyone. He was divorced with four children and had past employment as a mechanic, bulldozer operator, and chainsaw operator. Defendant had a ninth-grade education and a history of alcohol abuse. He had received treatment at the Briscoe Treatment Center in 2003.

Defendant received a tremendous sentencing benefit through his plea bargain. He was charged with fourth offense DWI, which carries a term of imprisonment "with or without hard labor for not less than ten years nor more than thirty years" and a five thousand dollar fine. La.R.S. 14:98(E). By entering into a plea agreement with the State, Defendant reduced his sentencing exposure by twenty-five years. The minimum sentence for fourth offense DWI is twice as long as the five-year sentence imposed in Defendant's case. Defendant further benefitted from the plea bargain by the dismissal of the additional charges against

6

him and the State's agreement not to prosecute him as a habitual offender. Defendant had previously received suspended sentences for two simple burglary and two third offense DWI convictions; however, Defendant failed to successfully complete all of his periods of probation. Based on the foregoing, we conclude that the trial court did not abuse its discretion when imposing the sentence, and any argument of an excessive sentence would be futile as suggested by counsel.

Because our review of the record has revealed no issues that would support an assignment of error on appeal, we will grant appellate counsel's motion to withdraw.

## DECREE

Appellate defense counsel's motion to withdraw is granted, and Defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

7

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

11-699

STATE OF LOUISIANA

VERSUS

TYREL O. YOUNG

On Appeal from the Thirtieth Judicial District Court, Docket Number 79,795, Parish of Vernon, State of Louisiana, Honorable Vernon B. Clark, Judge.

## **O R D E R**

After consideration of Defendant's appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter,

IT IS HEREBY ORDERED that Defendant's appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of _____, 2011.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge Oswald A. Decuir

_____
Judge James T. Genovese

_____
Judge Phyllis M. Keaty