NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-32

STATE OF LOUISIANA

VERSUS

SHERAMI FREYOU

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 09-1490
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

AFFIRMED.

J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR PLAINTIFF/APPELLEE:
　　State of Louisiana

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Sherami Freyou**

**Angela B. Odinet**
**Assistant District Attorney**
**307 Church Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

**FACTS:**

The record indicates that on July 9, 2009, eighteen-year-old Defendant Sherami Freyou (hereinafter "Ms. Freyou") complained that a man named Motley Duhon groped her and sexually propositioned her. When Ms. Freyou refused his advances, Mr. Duhon allegedly flipped the bed and pushed Ms. Freyou outside. Ms. Freyou subsequently became angry when she learned that Adam Malin, the victim in this case, was taking up for Mr. Duhon. Thereafter, Ms. Freyou was riding in the car with her mother and grandmother. Following in their own car were Codefendants, Thomas Hebert and his cousin, Jesa Sam. Ms. Freyou saw Mr. Malin walking on the side of the road. Ms. Freyou then pointed to Mr. Malin and yelled to Codefendants to beat Mr. Malin. Codefendants exited their car and beat Mr. Malin. Witnesses reported that they saw the Codefendants approach Mr. Malin and strike him in the head multiple times which caused him to fall to the ground. Ms. Freyou drove off after shouting to Codefendants to beat Mr. Malin but before the beating began. Both Codefendants fled the scene after beating Mr. Malin. Mr. Malin died as a result of the injuries to his head; the fatal injury was one of the blows to his head, which resulted in a brain hemorrhage causing pressure on the portion of the brain that controls the functioning of respiration and heart rate.

Ms. Freyou was charged by a Grand Jury Indictment with one count of Principal Second Degree Murder, in violation of La.R.S. 14:30.1 and 14:24 on August 5, 2009. The Bill of Indictment charged that Ms. Freyou knowingly and intentionally acted as a Principal to Second Degree Murder by aiding and abetting in the commission, or directly or indirectly counseling or procuring another to commit the second degree murder of Mr. Malin. The State alleged that Ms. Freyou

procured, counseled and instigated Thomas Hebert and his cousin, Jesa Sam, each separately indicted, to beat Malin in retaliation. When the charges were first brought against her, Ms. Freyou waived a formal arraignment and entered a not guilty plea on August 25, 2009. Two years later, on July 7, 2011, Ms. Freyou entered into an open-ended plea bargain, pleading guilty to the reduced charge of Principal to Manslaughter. The trial court ordered a Pre-Sentence Investigation report and scheduled the sentencing hearing. The court conducted the sentencing hearing on September 28, 2011, and sentenced Ms. Freyou to the maximum sentence of forty years at hard labor. Ms. Freyou filed a Motion for Reconsideration of Sentence which was denied without a hearing on October 31, 2011. It is this sentence which Ms. Freyou appeals.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, the court finds that there are no errors patent.

## ASSIGNMENT OF ERROR:

Ms. Freyou argues that the maximum sentence imposed by the trial court is not supported by the record, is grossly disproportionate to the facts of this case, and is an unconstitutionally excessive sentence. We find no merit in this contention. The following principals govern an appeal of excessiveness:

> The supreme court has determined that the standard for reviewing excessive sentence claims is abuse of discretion:

>> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not

2

determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La.12/13/04), 893 So.2d 7, 16-17 (citations omitted).

Under the manslaughter statute, "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years." La.R.S. 14:31(B). Therefore, the sentencing court imposed the maximum penalty allowable for manslaughter.

A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

"Generally, maximum sentences are reserved for those cases that involve the most serious violations of the offense charged and the worst type of offender." *State v.*

> *Jones*, 05-735, p. 6 (La.App. 5 Cir. 2/27/06), 924 So.2d
> 1113, 1116.

*State v. Bailey*, 07-130, pp.2-3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 249-50 (alterations in original).

In sentencing Ms. Freyou to forty years, the trial court considered the evidence presented, Ms. Freyou's criminal history, Ms. Freyou's statements, and the Victim Impact Statements introduced into evidence. The court noted that Ms. Freyou "start[ed] the train rolling down the track" by shouting out the command to the Codefendants to beat Mr. Malin, that Ms. Freyou has been abusing marijuana and alcohol since the age of fifteen, the senselessness of the crime, and the young age of all actors involved in this matter. The trial court also rejected the notion that Ms. Freyou is not responsible because she, personally, did not beat up Mr. Malin: "This doesn't mean she has clean hands…. The fact of the matter is she pled guilty to manslaughter[,] because somebody's dead[,] as a principal. She was never accused with hitting anyone, but she started the ball rolling."

The prosecution points out that Ms. Freyou, by pleading to a lesser charge, has the benefit of a lesser sentence than life in prison. In considering this factor, as well as those reviewed by the trial court and its great discretion in such matters, we agree with the decision of the trial court and find that Ms. Freyou's sentence is not excessive.

Accordingly, this contention by the Defendant has no merit.

**DECREE:**

**SENTENCE AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules– Courts of Appeal, Rule 2–16.3.

4