# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1322

**STATE OF LOUISIANA**

**VERSUS**

**CHRISTIFOR AUSTIN**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 34389-09
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

## REMANDED FOR CLARIFICATION OF SENTENCE; CONVICTIONS AND SENTENCES AFFIRMED.

**John F. DeRosier**
**District Attorney, Fourteenth Judicial District Court**
**Carla S. Sigler, Assistant District Attorney**
**Karen C. McLellan, Assistant District Attorney**
**907 Lakeshore Dr., Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Christifor Austin**

**GREMILLION, Judge.**

The record contains the following recital to the trial court regarding the factual background of this criminal matter:

> Your Honor, the factual basis is that relative to the sexual battery that in Calcasieu Parish, Louisiana, in between the dates of 29 July '09 through 29 August '09 that the defendant did commit a sexual battery upon H.M., a white female, date of birth 27 December 2003 in that the defendant caused serious injury to the vaginal and perineal area of this victim either from sexual activity or from kicking the victim in that part of the victim's body resulting in a significant tear to the vaginal and perineal area, requiring stitches at the hospital which caused bleeding which was a significant injury.
>
> The second charge of second degree cruelty to juvenile occurred in Calcasieu Parish during the same time frame, 29 July, '09 through 29 August '09 on victim S.B., white female, date of birth 11 October 2006; and was the result of physical abuse in which the victim suffered a broken pelvis. The victim, as you saw, Your Honor, was two years old at the time.

Defendant, Christifor Austin, was charged by a bill of indictment with thirteen counts of cruelty to a juvenile, violations of La.R.S. 14:93; one count of second degree cruelty to a juvenile, a violation of La.R.S. 14:93.2.3; and one count of sexual battery, a violation of La.R.S. 14:43.1. Defendant pled not guilty. Thereafter, as part of a plea negotiation, the State amended the bill of indictment to reflect that Defendant was charged with one count of second degree cruelty to a juvenile and one count of sexual battery. The remaining thirteen counts of cruelty to a juvenile were dismissed.

Defendant then entered a plea of guilty to each of the two remaining charges. Part of the plea negotiation between the State and Defendant was that the State would not pursue a possible charge against Defendant in Jefferson Davis Parish and that Defendant would testify against Sarah Marshall, his girlfriend and the biological mother of the victims.

The trial court accepted the plea recommendation and sentenced Defendant to thirty-five years for each count, to run concurrently, and "at least the 25 years is without benefit, but the balance is at least 85% without being eligible for probation, parole, or suspension." Defense counsel did not file a motion to reconsider the sentences.

Defendant filed a motion for an out-of-time appeal, for which the trial court ordered a hearing. The trial court granted the motion following an October 10, 2012 hearing. Defendant initially filed a pro se appeal, which this court remanded to the trial court to determine if Defendant was entitled to court-appointed counsel, and to inform Defendant of the dangers and disadvantages of self-representation. *State v. Austin*, 13-461 (La.App. 3 Cir. 10/15/13) (unpublished opinion). After that hearing, the Louisiana Appellate Project was assigned to represent Defendant.

Defendant is now before this court asserting that his sentences are constitutionally excessive.

## CLARIFICATION OF SENTENCE

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent, but we do find that the trial court's minute entry regarding sentencing requires clarification.

At sentencing, the trial court stated in pertinent part:

I'm going to accept the recommendation and make the recommendation the order of the Court; and, sir, order that you serve 35 years on each one of these offenses and that these sentences run concurrent.

. . . .

At least the 25 years is without benefit, but the balance is at least 85%

without being eligible for probation, parole or suspension. [1]

It is clear to us that the trial court intended to impose the first twenty-five years of the sexual battery sentence without benefit of probation, parole, or suspension of sentence. There is, however, ambiguity reflected in the court minutes, which read in pertinent part:

> As to each charge, to run concurrently, the court sentences defendant to serve thirty-five (35) years in the custody of the Louisiana department of corrections, with the first twenty-five years (25) to be served without benefit of probation, parole or suspension of sentence, with credit being given for time served.

---

[1] When the trial court was advising Defendant of applicable penalties, it stated in pertinent part:

> Sexual battery, Mr. DeRosier, you informed me that it is 25 to 99 years.
>
> . . . .
>
> . . . Also, the penalty range on cruelty to a juvenile, Mr. DeRosier, did you inform me up to 40?
>
> . . . .
>
> And on the sexual battery the first 25 years is without benefit of probation, parole or suspension of sentence; is that correct?
>
> . . . .
>
> . . . Also, Mr. Austin, we haven't talked about the number of the sentencing yet, but the time that you will be sentenced to, I understand I know what the agreement is and we'll get to that in a second, but these are all mandatory sentences that carry – that require that the defendant serve at least 85% of the sentence before being eligible for parole. Is that correct?
>
> . . . .
>
> But that doesn't apply to the first 25 years of the sexual battery sentence, sir. That has to be served unless there is some internal good time computation by the Louisiana Department of Public Safety & Corrections. Otherwise, it is going to be day for day, the first 25 years, without benefit of probation, parole or suspension of sentence. You may be eligible, I'm not saying that you are, I don't know and you may not be entitled to what we call good time or diminution of sentence. That may not apply in your case, so I need you to understand that now.

Although it appears that the trial court intended to impose the first twenty-five years of the sexual battery sentence without benefit of probation, parole, or suspension of sentence, it did not clearly do so when it imposed the sentence. This ambiguity is reflected in the court minutes.

Louisiana Revised Statutes 14:43.1(C) provides in pertinent part:

> (2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

Louisiana Revised Statutes 14:93.2.3 provides in pertinent part:

> C. Whoever commits the crime of second degree cruelty to juveniles shall be imprisoned at hard labor for not more than forty years.

Louisiana Code of Criminal Procedure Article 879 provides: "If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence."

The minute entry failed to specify which sentence the trial court was referring to when it ordered the sentence to be served with at least twenty-five years without benefit of probation, parole, or suspension of sentence. Considering the trial court's comments at sentencing, and the fact that only the penalty for sexual battery provides for the benefits restrictions, we have no difficulty in determining the intent of the trial court. Thus, we do not find that the sentence is indeterminate. Rather, we order the trial court to amend and clarify its sentencing minute entry.

## EXCESSIVE SENTENCE

Defendant contends that the trial court imposed sentences that were constitutionally excessive. Defendant neither objected to the sentences imposed at sentencing, nor filed a motion to reconsider the sentences. He has, therefore, waived his right to appeal to this court on the basis of an excessive sentence. *See State v. Green*, 96-208 (La.App. 3 Cir. 11/6/96), 683 So.2d 1292, *writ denied,* 96-

4

2892 (La. 6/13/97), 695 So.2d 963. We also note that the trial court merely accepted the parties' own recommendations for sentencing. "[W]here the court sentences the defendant in accordance with the parties' recommendation for a specific sentence or a sentencing range, it is clear that review of the imposed sentence is precluded." *State v. Jordan*, 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. We will, however, review the sentence for bare excessiveness. *See State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127.

A conviction on the charge of sexual battery of a juvenile carries a sentencing range of twenty-five to ninety years of imprisonment at hard labor with at least twenty-five years without benefit of probation, parole, or suspension of sentence. La.R.S. 14:43.1(C)(2). A conviction on the charge of second degree cruelty to a juvenile subjects a defendant to up to forty years of imprisonment at hard labor. La.R.S. 14:93.2.3(C). The trial court sentenced Defendant to thirty-five years for sexual battery and thirty-five years for cruelty to a juvenile with both sentences to run concurrently.

Given his guilty pleas, Defendant could have been sentenced to a maximum of 130 years. His sentences were less than a third of that length. Furthermore, but for the substantial benefit he received from his plea bargain with the State to dismiss over a dozen charges, he would have been subjected to several lifetimes in prison.

This assignment lacks merit.

**DECREE**

Defendant's convictions and sentences are affirmed. We remand to the trial court and order that, within thirty days, the sentencing minute entry be amended to clarify that the first twenty-five years of Defendant's sentence for conviction for

sexual battery is to be served without benefit of probation, parole, or suspension of sentence in accordance with La.R.S. 14:43.1(C)(2).

**REMANDED FOR CLARIFICATION OF SENTENCE;**

**CONVICTIONS AND SENTENCES AFFIRMED**.