# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1148

**STATE OF LOUISIANA**

**VERSUS**

**PHILLIP A. MAGGIO**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C 20234
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, John E. Conery, and David Kent Savoie, Judges.

**AFFIRMED.**

**Van H. Kyzar**
**District Attorney**
**10th Judicial District Court**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Phillip A. Maggio**

**CONERY, Judge.**

On May 17, 2013, Defendant, Phillip A. Maggio, was charged by bill of information with theft over $500.00, in violation of La.R.S. 14:67. On March 28, 2014, Defendant pled guilty to theft over $500.00 but less than $1500.00, in violation of La.R.S. 14:67(B)(2). On May 19, 2014, Defendant was given a sentence of five years with the Louisiana Department of Corrections. Defendant has timely appealed his sentence, claiming excessiveness. Defendant's sentence is affirmed.

## FACTS AND PROCEDURAL HISTORY

Defendant was arrested for selling a pressure-washer which belonged to his father, as well as charging unauthorized purchases worth over $400.00 on his parents' Home Depot charge card on April 4, 2013.

After his arrest, Defendant was released on his own recognizance in order to attend the Fresh Start Outreach Ministry in Winnsboro, Louisiana, for a seven-month treatment program, after which he was supposed to complete an internship, go to a halfway house, then participate in an aftercare program. Defendant never made it past the first step, as he was forced to restart the Fresh Start program in August 2013 after violating rules. Defendant was then kicked out of Fresh Start for testing positive for cocaine following a visit home for Christmas.

When Defendant was kicked out of Fresh Start, rather than returning to the Natchitoches Parish Detention Center, Defendant drove off in his own vehicle after taking a staff member's phone. Defendant was subsequently returned to custody, and held without bond prior to his guilty plea.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**ASSIGNMENT OF ERROR**

Defendant's sole assignment of error is that his sentence is excessive. Defendant argues that he is in need of rehabilitation, not incarceration, and that because he completed probation after his prior felony plea, he would be better served by receiving probation and drug treatment.

Defendant never filed a motion to reconsider sentence, nor was any contemporaneous objection made to the sentence when announced. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Because the Defendant failed to file a motion to reconsider sentence, we find that Defendant is precluded from a review of the excessiveness of his sentence. *See State v. Cormier*, 13-1140 (La.App. 3 Cir. 4/9/14) (unpublished opinion); *State*

*v. Bowles*, 13-80 (La.App. 3 Cir. 10/9/13), 123 So.3d 350, *writ denied*, 13-2655 (La. 4/25/14), 138 So.3d 643.

However, in the interest of justice, we review Defendant's sentence for bare excessiveness. *See State v. Austin*, 13-1322 (La.App. 3 Cir. 5/7/14), 139 So.3d 583, *writ denied*, 14-1111 (La. 1/9/15).

The law is well-settled concerning the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

> [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> > [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00);

> 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91;

*see also State v. Day*, 14-708 (La.App. 3 Cir. 12/23/14), ___ So.3d ___.

The instant case did not involve violence, the offender only has one prior conviction, but has a history of arrests for crimes relating to his drug addiction, and the legislative intent was to enforce the social taboo against taking the property of another, even one's parents.

Under La.R.S. 14:67(B)(2) at the time of the crime:

> When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.

During sentencing, the trial court gave a detailed explanation of why it made the discretionary decision to sentence the Defendant to a maximum sentence of five years. That explanation included a discussion of both Defendant's prior felony conviction for possession of controlled dangerous substances, and his "satisfactory" completion of probation for that conviction. The trial court also discussed Defendant's failure to complete half of the treatment programs provided

4

for him during that probation. Further, it discussed Defendant's failure to complete treatment between his arrest and plea on this charge.

The trial court also noted its consideration of La.Code Crim.P. art. 894.1, and its finding that imprisonment should be imposed under La.Code Crim.P. art. 894.1(A)(2), which requires a sentence of imprisonment where "[t]he defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution." The trial court finally noted that the only mitigating factor it could find was Defendant's lack of a "criminal heart."

Considering Defendant's admitted prior history of substance abuse, his inability to complete treatment for said substance abuse while out on bond for this theft charge, and Defendant's prior felony conviction, we find that the trial court did not abuse its discretion in sentencing Defendant to a maximum sentence of five years imprisonment.

## DISPOSITION

Defendant's assignment of error is without merit. Defendant's sentence is affirmed.

We note that the offender may be eligible for the intensive incarceration and parole supervision program pursuant to La.R.S. 15:574.4.4(B), if the staff and warden at the adult reception and diagnostic center so recommend after proper screening and testing. We recommend to the Louisiana Department of Public Safety and Corrections, if feasible, to screen Defendant for eligibility for this program, provided that he is willing to participate.

**AFFIRMED.**

5