STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-400

STATE OF LOUISIANA

VERSUS

DIONTE EUGENE DAUGHERTY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 32246-12
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

**JOHN E. CONERY
JUDGE**

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dionte Eugene Daugherty**

**CONERY, Judge.**

A grand jury indicted Defendant, Dionte Eugene Daugherty, for attempted second degree murder, a violation of La.R.S. 14:27, and 14:30.1, and for home invasion, a violation of La.R.S. 14:62.8. A jury unanimously convicted Defendant on both counts as charged, and the trial court then sentenced Defendant to forty years at hard labor without benefit of probation, parole, or suspension of sentence for attempted second degree murder and to ten years at hard labor for home invasion. The trial court ordered Defendant's sentences to run concurrently. Defendant did not file a motion to reconsider his sentences.

Defendant now appeals his sentence for attempted second degree murder, arguing it is excessive. For the following reasons, we affirm Defendant's sentence.

## FACTS AND PROCEDURAL HISTORY

Defendant and an accomplice entered the home of the victim, Bradford Jacob, dressed in black and wearing ski masks and gloves. They held guns to the victim's head and demanded money. Defendant struck the victim in the head with the butt of a gun. After a brief struggle, Defendant shot the victim in the lower right back area, causing life-threatening injuries. After the shooting, Defendant and his accomplice left the victim for dead and "nonchalantly walk[ed] down the driveway."

Shortly thereafter, the police were called to the scene, and investigators collected a ski mask and gloves from a dumpster next to the victim's house. Tests showed DNA on the ski mask and one of the gloves matched that of Defendant, and his DNA was also included in the mixture found in the other glove.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent but that no action is required by our court.

Defendant's sentence for home invasion is illegally lenient. At the time of the commission of the offense in October 2011, La.R.S. 14:62.8(B)(1) required at least five years of the sentence to be imposed without the benefit of probation, parole, or suspension of sentence.[1] Although the court minutes of sentencing reflect that the sentence for home invasion was imposed without benefit of probation, parole, or suspension of sentence, the transcript does not. The transcript reveals that the court imposed a forty-year sentence for attempted second degree murder without benefit of parole, probation, or suspension of sentence, but the concurrent ten-year home invasion sentence was not imposed without benefits. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Because the trial judge failed to impose any portion of the home invasion sentence without benefits, the Defendant's sentence is technically illegally lenient. *See State v. Sanmiguel*, 626 So.2d 957 (La.App. 3 Cir. 1993), *State v. Jones*, 02-1176 (La.App. 3 Cir. 2/5/03), 839 So.2d 439, *writ denied*, 03-886 (La. 11/7/03), 857 So.2d 516. However, the illegally lenient sentence was not raised as an error, and thus, no action need be taken by the court. *See State v. Smith*, 10-830 (La.App. 3 Cir. 2/9/11), 58 So.3d 964, *writ denied*, 11-503 (La. 9/30/11), 71 So.3d 279.

---

[1] Louisiana Revised Statutes 14:62.8(B)(1) no longer carries this restriction of benefits.

On appeal, Defendant argues the trial court failed to sufficiently consider the factors set forth in La.Code Crim.P. art. 894.1 and subsequently imposed a constitutionally excessive sentence for attempted second degree murder in violation of the Eighth Amendment of the United States Constitution.

The law is well-settled regarding the standard to be used in reviewing excessive sentence claims:

> [Louisiana Constitution Article 1], § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Further, even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

In this case, however, Defendant did not object to his sentence when announced, nor did he file a motion to reconsider sentence. Therefore, this issue was not raised in the trial court and "cannot be raised for the first time on appeal." *See State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688; *State v. White*, 03-1535 (La.App. 3 Cir. 4/28/04), 872 So.2d 588; *State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324. Defendant is thus precluded from review of his sentence for his failure to object or file a motion to reconsider his sentence. In the interest of justice, however, we review Defendant's sentence for bare excessiveness. *See State v. Maggio*, 14-1148 (La.App. 3 Cir. 3/4/15), 157 So.3d 1290.

In reviewing sentences for bare excessiveness, our court has consistently stated:

> In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has stated:

4

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Day*, 05-287 (La.App. 3 Cir. 11/2/05), 915 So.2d 950 (quoting *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061).

At the sentencing hearing, the trial judge spoke of the seriousness of Defendant's crime, how "basically it started off as an armed robbery to get money; and then to shoot someone in the back and leave them there to bleed to death, pretty serious stuff."

The trial judge stated on the record he did not know Defendant's criminal history. The record is not clear about that history. Defense counsel agreed it was "fair to say . . . from the rap sheet" that Defendant had one prior felony conviction. The State was not aware of prior convictions but thought Defendant might have a juvenile record from California. The State explained Defendant was in jail at the time of his arrest in this matter. At the time of trial, Defendant had pending charges for illegal possession of a stolen firearm, illegal use of weapons or dangerous instrumentalities, and misdemeanor aggravated assault. The State agreed to dismiss those three charges as a result of Defendant's conviction in this

5

case. The trial judge considered Defendant to "have a propensity to violence" based on those charges and stated Defendant "want[ed] to be known as somebody you don't fool with[.]"

Further, Defendant was exposed to a sentence of ten to fifty years for his conviction for attempted second degree murder. La.R.S. 14:27, 14:30.1. His forty-year sentence is above the midrange but less than the maximum possible fifty-year sentence.

Similar to Defendant in this case, the defendant in *State v. Williams*, 11-414 (La.App. 4 Cir. 2/29/12), 85 So.3d 759, *writ denied*, 12-708 (La. 9/21/12), 98 So.3d 326, was convicted of attempted second degree murder and aggravated burglary. The trial court sentenced him to forty-nine years at hard labor for attempted second degree murder and to twenty-nine years at hard labor for aggravated burglary, with the sentences to run consecutively. The defendant shot the victim in the face in the presence of their son, approximately eight years old, and fled. The defendant had no prior convictions. The transcript showed the trial court complied with the mandate of La.Code Crim.P. art. 894.1 even though it did not mention the article. The fourth circuit held the sentences were not excessive but remanded the matter for resentencing because the trial court failed to articulate reasons for imposing them consecutively.

Again, in a similar case, in *State v. Richard*, 12-310, 12-311 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, *writ denied*, 13-1220 (La. 12/2/13), 126 So.3d 497, the defendant was convicted of attempted second degree murder and aggravated burglary. The record showed the crime was premeditated and violent in nature. The defendant had an extensive criminal history that included other crimes of violence. The trial court sentenced the defendant to fifty years at hard labor on the

attempted second degree murder conviction and for thirty years at hard labor, both without benefit of parole, probation, or suspension of sentence. The fifth circuit upheld the terms but amended the aggravated burglary sentence to delete the benefits restriction.

In *State v. Napoleon*, 01-1222, p. 6 (La.App. 5 Cir. 2/26/02), 811 So.2d 980, 983, the fifth circuit noted:

> A review of the jurisprudence indicates that similar sentences have been upheld for defendants without prior felony records. In *State v. Ethridge,* 96-1050 (La.App. 3 Cir. 2/5/97), 688 So.2d 1274, 1276, the Third Circuit upheld defendant's 45 year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. The defendant had fired six shots into the victim's residence through a bedroom window severely wounding the victim.
>
> In *State v. Owens,* 606 So.2d 876 (La.App. 2 Cir.1992), the Second Circuit affirmed defendant's 30 year sentence for attempted second degree murder despite defendant's claim the sentence was excessive based on his youthful age of 25 years old and the fact he had no prior felony convictions. Defendant had fired several shots at the victim in a crowded barroom.
>
> In *State v. Camese,* 00-1943 (La.App. 4 Cir. 7/11/01), 791 So.2d 173, the Fourth Circuit affirmed defendant's 50-year sentence for attempted second degree murder despite the fact defendant had no prior criminal record. Defendant approached the victim at the security gate of the victim's apartment, pointed a gun to his head, and demanded the victim's car. The victim gave defendant the car at which time defendant shot him in the head.

In line with the jurisprudence and facts considered by the trial court in this case, we find that Defendant's sentence for attempted second degree murder is not excessive. The sentence is appropriate considering the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment, and a comparison of the sentences imposed for similar crimes.

**DISPOSITION**

Defendant's sentence is affirmed.

**AFFIRMED.**